CASE 57—ACTION BY ANDREW J. STEELE AGAINST LOUISE M. STEELE FOR A DIVORCE.—JAN. 13.

## Steele v. Steele.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

DIVORCE—COSTS—ATTORNEYS' FEES—LIABILITY OF HUSBAND—WIFE'S FAULT—ABILITY TO PAY.

1. No appeal lies to the court of appeals from a decree granting a divorce.

2. Under Kentucky Statutes, section 900, providing that in actions for alimony and divorce the husband shall pay the cost of each party unless it appears in the action that the wife is at fault, and has ample estate to pay the same, where a husband secured a divorce because of the fault of his wife he was nevertheless

liable for the costs, together with a reasonable fee for her attorney, there being no showing that the wife was able to pay the same.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, Andrew J. Steele, instituted this action against his wife, Louise M. Steele, for divorce *a vinculo matrimonii,* alleging as a ground therefor such lewd and lascivious conduct on her part as proved her to be unchaste. She filed answer, denying the allegations of the petition, and in the second paragraph, which she made a cross-petition against her husband, prayed for a divorce from him on the ground of cruel and inhuman treatment. The chancellor upon final hearing entered a decree granting the husband the relief sought, but making no provision for alimony for the wife or the payment of her costs, including a reasonable attorney's fee by the husband. From this judgment she has appealed.

As no appeal lies to this court from a judgment granting a divorce, the only question presented by the record is whether or not the wife (appellant) was entitled to have her costs, including a reasonable attorney's fee, paid by her husband, although she was in fault—that being fixed by the decree of the chancellor. It seems to us that this case comes squarely within the purview of the principle enunciated in Turner v. Turner, 62 S. W., 1022, 23 Ky. Law Rep., 370. In that case the husband sued for and obtained a judgment of divorce from his wife on the ground of abandonment by her, without fault on his part, for one year previous to the institution of the suit. In her answer, she denied that she had abandoned her husband, and alleged that he had driven her from his home wrongfully, and without cause, and prayed for a divorce from him on the ground of cruelty. Upon final hearing, the court decreed the di-

vorce to the husband, but gave the wife the sum of $200 in alimony. Thereupon the wife entered a motion for an attorney's fee to be taxed as costs in her behalf. This motion was overruled and she appealed. After reciting the foregoing facts, this court, through Judge Burnam, said: "Section 900 of the Kentucky Statutes provides that in actions for alimony and divorce the husband shall pay the cost of each party, unless it shall be made to appear in the action the wife is in fault, and has ample estate to pay the same; and in the case of Ballard v. Caperton, 2 Metc., 414, this court said, viz.: 'This provision of the Revised Statutes applies to all suits for divorce and alimony. None are excepted from its operation. And in all such cases the husband is bound to pay the costs of each party (including a reasonable compensation to the attorneys of the wife for their professional services rendered to her in the action), no matter what the result of the suit may be, or by what cause it may have been terminated, unless two things are made to appear in the action: First, that the wife is in fault; and, second, that she has ample estate to pay the costs. There must be a concurrence of the two conditions in order to exempt the husband from the liability imposed by the statute. And both conditions must be made to appear in the cause. Although it may be made to appear that the wife is in fault, yet, if it be not also made to appear that she has ample estate to pay the cost, the husband is bound to pay. Or, if she has the estate, and is not in fault, the husband is liable for the costs.' And this seems to have been the rule which has been followed in determining the question of the liability of the husband for the wife's counsel fees. Whilst appellant in this case is not free from fault, it certainly can not be said that she has ample estate. It therefore follows that the husband is liable for the cost,

including a reasonable attorney's fee.  And for this reason alone the judgment must be reversed, and the cause remanded, with instructions to the circuit judge to make appellant a reasonable allowance for counsel fees."  The principle enunciated in the opinion in Thomas v. Thomas, 7 Bush, 665, has no application to the case at bar.  There the wife sought to obtain a judgment for a reasonable attorney's fee for services in this court, on an appeal, after the decree of divorce had been granted in the lower court. This was refused on the ground that the litigation in this court was not between husband and wife, but, the parties having been separated by the judgment of the lower court, they stood here in the attitude of ordinary litigants.  In the case at bar the services rendered by the counsel of the wife were rendered to her while she was the wife of the appellee, and under the statute as expounded in the case of Turner v. Turner, supra, he is liable for all her costs, including a reasonable attorney's fee, although she was in fault as to the merits of the controversy.

Wherefore the judgment is reversed for proceedings consistent herewith.