## Kreiger v. Kreiger.

(Decided May 19, 1922.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Divorce—Alimony—Costs.—In an action concerning alimony and divorce, the husband will be required to pay the wife's costs, unless she is both at fault, and has ample means to pay her costs.

2. Divorce—Alimony—Order by Court of Appeals for Payment.— Pending an appeal from a judgment denying to a wife a divorce, or alimony, if the wife is without counsel, and has not money or property to employ counsel, to present her cause of defense, in the Court of Appeals, and the circuit court has failed or refused to make any provision for her to secure counsel to prosecute her appeal, the Court of Appeals has power to make an order requiring ing her husband to pay such a sum to her as will be reasonably necessary to enable her to secure counsel.

3. Divorce—Alimony—Counsel Fees—Costs.—Counsel fees for the wife is a proper item of costs in an action concerning alimony and divorce.

ETHEL B. KREIGER for herself.

SHACKELFORD MILLER and S. S. BLITZ for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Sustaining motion to require appellee to pay counsel fees for appellant for services of counsel in this court.

This motion being of an unusual character, and involving a question not heretofore passed upon by this court, it is thought proper to give the reasons for our conclusion. This is an action wherein the appellee sought a divorce from appellant and the custody of their children. The ground averred for the divorce was such lewd and lascivious behavior upon the part of appellant as proves her to be unchaste. The appellant, by answer, denied the grounds of divorce asserted by appellee, and by counterclaim sought from appellee a divorce, maintenance, alimony, the custody of the children, reasonable counsel fees and costs. The ground relied upon in her counterclaim was that without like, or any fault upon her part, the appellee had behaved toward her for six months in such cruel and inhuman manner as indicated a settled aversion to her, or such as to permanently destroy her peace and happiness. The ground of divorce asserted by appellant in the counterclaim was denied by a reply. The trial court sustained the prayer of appelle, granted him a divorce from the bonds of matrimony with appellant, adjudged to him the permanent care and custody of the children, with the privilege of appellant to see them at seasonable times, but retained the action upon the docket for the purpose of fixing and allowing fees to counsel for appellant, and for such other purposes as might be necessary to enforce the judgment. From this judgment the appellant prayed and was granted an appeal to this court, but she did not ask, nor was there made any order allowing fees to be paid to her counsel by the appellee, for their necessary services in prosecution of her appeal in this court, nor was the question of what fees were to be allowed to her counsel, for defending the action and prosecuting her counterclaim in the circuit court, disposed of; nor was any order made granting to her any kind of maintenance pending the action in this court which naturally followed the judgment granting the divorce. She now moves this court, after having given notice thereof, for an order requiring the appellee to pay to her such a sum as will be sufficient to enable her to employ counsel to properly present her cause to this court.

From the affidavits of appellant, it appears, that she has no property of any kind nor means, wherewith to employ counsel; that she has no attorney and has had none, since the appeal was filed; that because of her inability to pay for the services of an attorney at law, she

has been and is yet unable to secure the services of competent counsel; that she is guiltless of the charges preferred by her husband, and upon which the judgment appealed from was based. Section 900, Kentucky Statutes, provides:

"In actions for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault and has ample estate to pay same."

This statute has been construed many times to mean that in actions for alimony and divorce, the husband must pay all the costs, unless the wife is both at fault and has ample estate to pay same. Though she is at fault, the husband must pay the costs, unless she is the owner of property, which will enable her to pay them. Alderson v. Alderson, 113 Ky. 830; Willis v. Willis, 168 Ky. 35; Turner v. Turner, 23 K. L. R. 370; Steele v. Steele, 119 Ky. 466; McMakin v. McMakin, 27 K. L. R. 1211; Hoffman v. Hoffman, 190 Ky. 13; Walter v. Walter, 190 Ky. 49; Witt v. Witt, 188 Ky. 45.

It has, furthermore, been continuously held, that a reasonable sum to pay for necessary legal services, for the wife, in actions involving alimony and divorce is a proper item of costs, and the husband is required to pay it for the wife, under the same circumstances, under which he is required to pay other costs created by her. Nunn v. Page, 134 Ky. 698; Schneider v. Schneider, 23 K. L. R. 1154; Elliott v. Elliott, 138 Ky. 309; Williams v. Monroe, 18 B. M. 514; Ballard v. Caperton, 2 Met. 412. The reasons ordinarily assigned for the above principle is, that the husband is usually the holder of the purse strings, and the customs of society and the respective duties of husband and wife are such that the former usually has all the property, and if she was not protected by requiring him to pay her costs, that in actions for divorce and alimony, she would be at his mercy, and hence he is required to furnish her funds to maintain her causes of action or defense, in controversies, which arise between them touching such matters, if she has not ample estate from which to pay them herself.

In the instant case, whether the wife is or is not at fault is the question to be determined upon the appeal, but, be that as it may, it appears, that she is destitute of property or money, and for that reason is unable to secure competent counsel, and without such does not have

an equal opportunity with her husband to have her cause presented. That, under such circumstances the husband can be required to pay her reasonable counsel fees, there can be no doubt, but it is objected that the Court of Appeals is not authorized to entertain an original application for an order to that effect, and can only review such order as the circuit court may make or refuse to make upon such subject, and that the exercise of such power on the part of this court is the exercise of original jurisdiction, which it does not have. The jurisdiction of the Court of Appeals in the main, is of course, only revisory, and its original jurisdiction is limited by section 110, of the Constitution "to the issue of such writs as may be necessary to give it general control of inferior jurisdictions." Hence, it appears, that if this court has original jurisdiction to entertain and grant the relief sought in the motion, it is not specifically granted to it by the section of the Constitution referred to nor by any statute, nor has it so far as has been suggested, ever been assumed by it. In actions for alimony and divorce, the same principle governs the powers of a court to require the husband to pay counsel fees of the wife, as governs the right to require him to furnish funds for the maintenance of the wife pending the litigation. In Pemberton v. Pemberton, 169 Ky. 476, this court held, basing its opinion on sections 424, Civil Code and 2121 Kentucky Statutes, that the circuit court was authorized to make an allowance for the maintenance of the wife, during the pendency of an appeal to this court and the husband would be required to pay it, and in Napier v. Napier, 186 Ky. 558, it was held, that, if the circuit court failed or refused to make an order providing maintenance for the wife pending an appeal, upon the motion of the wife, this court could exercise the power, and make an allowance for her maintenance during the pendency of the appeal, if it should appear, that such order ought to be made. Section 424, Civil Code, was referred to, which provides that, "During the pendency of an action for divorce and alimony, the court may allow the wife maintenance and enforce the payment thereof by orders, executions and proceedings, as in cases of contempt." This, however, was adverted to as the basis of the authority of the circuit court, in such a matter. It will be observed, however, that in Napier v. Napier, *supra,* the holding was not that this court would make an order allowing maintenance, pending the appeal, as a matter of

course and for the asking, but, that it was a judicial discretion to be exercised, as the circumstances might warrant. Following this view in Kelley v. Kelley, 183 Ky. 576, this court, refused, after an appeal in an action concerning alimony had been determined and after the legal services had been rendered, to indicate, what sum should be allowed to counsel for their services for the wife, in this court, but, relegated the question to be determined by the circuit court, but, it was not held, that if the necessity should be made to appear, this court upon appeal of an action would not upon an original application make provision to enable the wife to have counsel to present her cause properly, if the circuit court had failed to do so. However, we are of the opinion, that when an appeal is pending in this court from the judgment of a trial court concerning divorce or alimony, and the circuit court has failed to make an allowance to enable the wife to secure counsel to properly present her cause, and it is made to appear, that she has not sufficient property or money to enable her to secure counsel, to assist the court to a proper solution of the right of the matter, in controversy, and is without counsel, it is not the exercise of an original jurisdiction, if this court should make an order requiring the husband to pay for her benefit such a sum as may be reasonably necessary to employ and pay counsel for their services for her in this court. This court has express powers, which give it jurisdiction to hear and determine appeals refusing a divorce, and refusing or awarding alimony, and while it has not jurisdiction of an appeal from a judgment granting a divorce, it has the jurisdiction to examine the grounds upon which the divorce was granted and the evidence supporting it, for the purpose of determining, whether the granting or refusing alimony, in the action, was proper, and in such actions it certainly has such implied powers as are necessary to protect its jurisdiction and to make it effectual.

The allowance of counsel fees to the wife is but an incident of the jurisdiction to hear and determine appeals concerning divorce and alimony, and not an original jurisdiction. If the wife is denied the means of properly presenting her cause or defense in this court, her right of appeal would be ineffectual. In Prine v. Prine, 36 Fla. 676, the court dealing with this subject said: "We do not believe it would be under such circumstances an exercise of original jurisdiction for us upon a proper showing to

grant the wife the means of subsistence, while her case is pending in this court, but that such an allowance is essential to the proper and impartial administration of justice in the exercise of our appellate jurisdiction. If she had not the means to live and to employ counsel to present her case to the court, so that it may be fully advised as to the merits of her side of the controversy, how can it be said that there is fair, impartial and even handed justice between her and the appellant, who has abundance of means of support and to employ able and ingenious counsel to present his case in its most favorable aspects.'' This doctrine is supported by Kjellender v. Kjellender, 90 Kans. 112; Lake v. Lake, 16 Nev. 363; Day v. Day, 84 Ia. 221; Wagner v. Wagner, 36 Minn. 239, and in addition, the great weight of authority. Ann. Cas. 1915B 1251 and cases there cited. Many courts hold that appellate courts have an inherent original jurisdiction, to order upon original application to them the payment of maintenance and counsel fees to wives in litigation with their husbands concerning divorce and alimony. We are of the opinion that it is matter of discretion, to be determined from the circumstances and facts of the case. In this case, the record shows, that appellant had the services of an attorney, who prepared and took the necessary steps to secure an appeal, and then for some reason or other withdrew from the employment, and no longer represents her, and that before a brief was filed setting out her reasons for the appeal. An order was not secured from the circuit court, nor motion made for same, as it may be assumed because the appellant was depending upon the attorney who had conducted her defense in the circuit court to represent her in this court. Under the facts it becomes a necessity, to make her appeal, which she had a right to take effectual, in this court, that she have the benefit of counsel. It is therefore ordered that the appellant be allowed the sum of $100.00 to employ and pay counsel to represent her in this court, and the appellee is directed to pay same, but, not until the services have been performed by the counsel and the action determined. The appellant may have until June 6th, to employ counsel and cause brief to be filed for her in the action.