## Buckley v. Buckley.

(Decided April 30, 1926.)

### Appeal from Boyd Circuit Court.

1. Divorce.—Husband's misconduct prior to and during first separation was condoned by wife when she went back to live with him thereafter.

2. Divorce.—Where husband and wife were equally to blame for disagreements, petition for divorce by wife was properly dismissed, and alimony correctly refused.

3. Divorce—Custody of Infant Child on Denying Wife's Petition for Divorce Held Properly Awarded to Each Parent for Alternating

Periods, where Husband's Mother Took Excellent Care of Child when in His Custody, and Wife, though Professing Great Love, Left Child in Care of Her Mother for Long Periods.—Trial court, on dismissing petition for divorce by wife, held to have properly awarded custody of infant child for alternating periods to each party, where it appeared that husband's mother took excellent care of child while in husband's custody, and that wife, though professing great love for child, had left it for long periods in care of her mother.

4. Divorce—Disallowance of Counsel Fees on Dismissing Wife's Petition for Divorce Held Not Error, where She was Worth in Her Own Right Not Less than $10,000.00.—Where wife was worth in her own right not less than $10,000.00, disallowance of counsel fees on dismissing her petition for divorce was not error.

WAUGH & HOWERTON for appellant.

COLDIRON & HARRIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an action for a divorce brought by the appellant against the appellee, both quite young, on the grounds that the latter had for more than six months prior to the beginning of the suit behaved toward appellant in such a cruel and inhuman manner as to indicate a settled aversion to her and to permanently destroy her peace and happiness, and further that he had been guilty of such cruel beatings and injuries and attempted injuries upon her as indicated an outrageous temper in him and probable danger to her life and great bodily injury at his hands should she continue to live with him. The defense was a traverse. On submission the chancellor dismissed the appellant's petition, declined to award her any alimony or attorneys' fees and awarded the custody of an infant child, which was then eighteen months old, to the appellant and appellee for alternating sixty days each until further order of the court. From this judgment appellant appeals.

It would serve no useful purpose to set out in detail the evidence in this case. We have read it all very carefully and it is sufficient to say that the evidence undoubtedly establishes much on the appellee's part of neglect of his wife and at times of their child and much of a lack of consideration for her feelings, especially after their separation; when he was seen many times with other girls on the streets of Catlettsburg. There is no substan-

tial evidence, though, to show any cruel beatings or injuries or attempted injuries upon appellant by appellee. The evidence also tends to establish that appellee did not work as steadily as he might have, and it further tends to cast suspicion upon him as being a bootlegger. On the other hand, the evidence shows that appellant was highly jealous of appellee, nagged him and fussed at him, that she chased him once with a butcher knife and on more than one occasion assaulted him with a milk bottle. Whatever was wrong in appellee's conduct prior to and during the first separation of this young couple was condoned by appellant when she went back to live with appellee in Williamson, W. Va. We place but little credence in her story that she was kidnapped by appellee on this occasion, and we are convinced that his version of this transaction, to the effect that he and she met and went to Williamson by agreement, is correct. A careful consideration of this entire record convinces us that for the unfortunate disagreements which arose between these parties and for their present separation both are equally to blame, and hence under the statutes the court correctly dismissed appellant's petition, and of course correctly refused to allow the appellant any alimony. Appellant's counsel seem to think and it will do no good to keep these young people married to each other, but we are not concerned with that, for the statutes do not authorize a divorce on the grounds alleged where both parties are equally to blame for the conditions shown.

Insofar as the custody of the child is concerned, while the appellant professes her great love for the child, which profession we have no doubt is true, yet the stubborn fact remains that while the child was in her custody she on numerous occasions went off on long trips leaving it to the care of her mother. It is further shown that as long as the child was in her technical custody it enjoyed but few well days. On the other hand, it is equally true that the appellee, being a man, is not in a very good position to personally take care of an infant of such tender years as is this one. The record shows, however, that appellee's mother, who is perfectly willing to continue in the care of the child, has during this litigation taken excellent care of it, and since it has been in her custody the child has enjoyed excellent health. The real fact of this case seems to be that after all it is either the maternal or paternal grandmother who was taking care of this child and who is going to have to take care of it. The

court reserved control of this part of the judgment, and we cannot conclude that for the time being at least the division of the infant's time granted the appellant and appellee is not after all a wise solution of a troublesome problem of the custody of the child. The court may, at any time, on proper notice, modify its judgment in this particular to meet the needs of the infant's best interests.

The record shows that appellant is worth in her own right and according to her own figures not less than $10,000.00. Under the statutes, therefore, the court committed no error when in dismissing her petition he failed to allow her counsel fees.

The judgment of the lower court is affirmed.