## Meyer v. Meyer.

(Decided October 9, 1928.)

(As Modified on Denial of Rehearing December 11, 1928.)

### Appeal from Campbell Circuit Court.

1. Divorce.—Wife's continuing to live with husband during six months of habitually cruel treatment required to entitle her to divorce under Ky. Stats., sec. 2117, cannot be condonation taking away such right; section 2120 applying only when divorce is sought on ground of adultery or lewdness.

2. Divorce.—"Condonation," in the law of divorce, is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated and that the offender shall thereafter treat the forgiving party with conjugal kindness.

3. Divorce.—Evidence held to entitle wife to divorce, under Ky. Stats., sec. 2117, on ground of such habitually cruel and inhuman treatment as to indicate settled aversion to her and permanently destroy her peace and happiness.

4. Divorce.—Wife's half interest in home, purchased by husband and wife jointly out of profits from sale of home also purchased jointly from profits of sale of their first home purchased in like manner with money saved during coverture, being property received by her by reason of marriage, should be restored to husband on divorce, under Civil Code of Practice, sec. 425.

5. Divorce.—Wife entitled to divorce from husband, who was making $42 a week and maintaining their seven and nine year old boys at his father's home, but contributing nothing to support of wife or their infant daughter whom she took with her on leaving him, awarded $10 a month for support of daughter.

L. J. CRAWFORD for appellant.

CLARK & TAYLOR for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Appellant and appellee were married on April 19, 1917. She brought this action against him on October 22, 1927, alleging that for more than six months last past he had behaved toward her in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, also that he had been guilty of such cruel beating and injury to her as to indicate an outrageous temper in him and probable danger to her life or great bodily injury from her remain-

ing with him; that they owned jointly a house and lot in Clifton, Ky.; that they had three children, aged nine; seven, and five years, respectively; that the defendant was contributing nothing to the support of her or the children; that she had been compelled to take employment to support herself and the children; that the defendant was regularly employed at a salary of $42 a week and has an additional income from personal securities owned by him; that she had no property except her interest in the house and lot. She prayed a divorce, custody of the children, and an allowance for alimony and maintenance, and a sale of the house and lot and a division of the proceeds. The defendant filed an answer, in which he denied the allegations of the petition and further pleaded that the plaintiff had lived with and cohabited with him as his wife for a long period after the alleged cruel acts set out in the petition, and that she had condoned each alleged act of mistreatment. Proof was taken, and on final hearing the circuit court dismissed the plaintiff's petition on the authority of Buckley v. Buckley, 214 Ky. 566, 283 S. W. 1031. The plaintiff appeals.

There is little conflict in the testimony. The following facts are clearly established by the testimony as a whole: For at least a year before the suit was brought the husband had been in the habit of calling his wife names too vile to be printed. In the spring before the suit was filed he advised a separation and tried to get her to leave. She did not leave. Things ran along in this way until the 1st of August, then one night when he came home about 10:30 he got into a quarrel with his wife, choked her, threw her against the steps, bruising her arm and head. Her frantic screams aroused the neighbors. The bruises on her head and arms showed for several days. She then consulted a lawyer, but no suit was brought. She was a Roman Catholic, and a priest was consulted. On August 12, she was injured in an automobile accident and after a few days at an infirmary returned home. Things went bad again, and in October the defendant in substance told her to leave and required her to leave. She then left, got employment, and brought this suit.

By section 2117, Kentucky Statutes, a divorce may be granted, among other things, upon the ground stated

in plaintiff's petition.   Section 2120, Kentucky Statutes, provides:

> "Cohabitation as man and wife, after a knowledge of adultery or lewdness complained of, shall take away the right of divorce therefor."

This provision by its terms only applies when the divorce is sought on the ground of adultery and lewdness. It has no application under the proof to the grounds of divorce here asserted, for the wife under the statute has no ground for divorce unless the husband has habitually behaved toward her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace and happiness.   Her continuing with him during this time cannot be a condonation of his behavior, for under the statute the right to a divorce does not accrue until the conduct has continued for six months or more.   In Hooe v. Hooe, 122 Ky. 594, 92 S. W. 318, 29 Ky. Law Rep. 113, 5 L. R. A. (N. S.) 729, 13 Ann. Cas. 214, the court, speaking of a continued mistreatment, said this:

> "It is a continuing offense—not a distinct or separate grievance that may be forgotten or forgiven in a day or week, or a species of misconduct that affectionate treatment and gentle behavior might obliterate.   Condonation is defined by Bishop in his work on Marriage, Divorce, and Separation (volume 2, sections 269, 308), 'as the remission by one of the named parties of an offense which he knows the other has committed against the marriage on the condition of being continually afterward treated by the other with conjugal kindness.  All condonation, especially the implied, is upon the condition, both that the offense shall not repeated, and likewise that continually afterward the party forgiven shall treat the other with conjugal kindness, whereupon a breach of the condition revives the original right of divorce.'
> These citations from this standard work illustrate the idea that a continuing offense, one that may last for years, that may grow more malignant with age, is not in that class of matrimonial derelictions that may be condoned by the innocent party so as to estop her from asserting her legal rights.
> "Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on

condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness." 19 C. J., p. 83.

Again in Rolfsen v. Rolfsen, 115 S. W. 213, the court, upon similar proof as here, said this:

"When a husband persistently mistreats his wife, and so far forgets his marital obligations as to beat her and call her names which no husband under any circumstances should ever apply to his wife, he should not be surprised if self-restraint occasionally gives way, and the wife exhibits bad temper. The latter necessarily follows from his unkind treat-. ment, and we are not inclined to hold that an exhibition by her of temper under such circumstances is such fault on her part as to deny her the right to a divorce."

In Buckley v. Buckley, 214 Ky. 566, 283 S. W. 1031, the parties had separated and were living apart, and after living apart for some time they became reconciled and went back to living together, and it was held that what occurred prior to the first separation was condoned when she went back to live with appellee and that for what happened afterwards one was as much to blame as the other. There was no misconduct there of the husband after she went back warranting a divorce to the wife. Here there was no actual separation of the parties until the final separation in October. The wife simply continued at her husband's home, and his mistreatment of his wife continued. The implied condition that the wife would be treated properly by the husband was not broken there, but it was broken here.

The evidence here does not show the wife in fault, and under the proof the court should have adjudged her a divorce.

The proof showed that neither of the parties had anything when they were married. She was an orphan; was raised in an orphanage and later in a convent. She left the convent at 16 years of age and was married 7 months later. At the time of their marriage he was 22. They were both hard working. At first they lived with his parents. When they had saved $150, his father lent him $250, and they bought a home, taking the title in their joint names. She says she saved the $150 out of her household allowance; he says that he saved it out of

his wages. Afterwards they repaid the father the $250 and then sold the property at a profit of $400. They then bought another home, taking the title as before in their joint names. They sold the second home at a profit of a thousand dollars. They then bought a third home, taking the title in their joint names as before, on which they owe $2,300. The wife's half of this property was property received by her by reason of the marriage, and this, under the Code, should be rstored to the husband on the divorce. Civil Code, sec. 425.

When she left her husband's home, she took the youngest child, a little girl five years old, with her. The husband took the two little boys to his father's and has since maintained them, but he has contributed nothing to the support of his wife or his little girl, and he is making $42 a week. The proof does not show the value of the property above mentioned, or the husband's financial condition, except as above indicated, and on the return of the case to the circuit court either party may take further proof on this subject, and the court will allow the wife reasonable alimony under the facts shown. The husband should pay the wife $10 a month from the date of the separation for the support of the little girl; but this allowance may be changed by the circuit court from time to time as a change of circumstances may occur. The husband will also be adjudged to pay the cost of this action, including a reasonable attorney's fee to the wife's attorney. The court will make such orders as may be necessary to give either of the parties the right to see the children from time to time, and may from time to time make such orders as to the custody of the children as may be proper under a change of circumstances.

Judgment reversed, and cause remanded for further proceedings consistent herewith.