### Belcher v. Belcher.

(Decided January 19, 1932.)

WAUGH & HOWERTON for appellant.

LINDSEY D. BRUCE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affiming.

This action grows out of the wreck of a second adventure in matrimony by the same contracting parties. Verdie Belcher instituted the action against her husband, J. G. Belcher, to recover a reasonable alimony. The defendant relied upon a contract of settlement in bar of the claim for alimony, and set up a counterclaim for divorce on the ground of abandonment. The circuit court dismissed the action, and denied the relief sought by each party. The husband has prosecuted an appeal, and the wife has taken a cross-appeal. The questions presented will be discussed and disposed of in the course of the opinion.

1. The husband predicated his demand for divorce upon the ground that the wife had abandoned him more than a year before the counterclaim was filed. That particular ground of divorce is available only to the party not in fault. Ky. Statutes, sec. 2117; Epling v. Epling, 1 Bush 74; Adair v. Adair, 104 S. W. 365, 31 Ky. Law Rep. 956; Mayes v. Mayes (Ky), 115 S. W. 717; Lewis v. Lewis, 205 Ky. 500, 266 S. W. 16; Reynolds v. Reynolds, 224 Ky. 668, 6 S. W. (2d) 1078. The parties had lived a somewhat stormy married life, and had separated frequently. Finally, in 1928, the wife obtained a divorce. Within a few months they were married again, but they did not dwell happily together. The wife then left home, claiming that the husband was guilty of mistreatment. They entered into a separation agreement, but continued to see each other, and at last the present litigation was precipitated.

It is established that the wife left the home of the husband more than a year before his counterclaim was filed, but it is not shown that the husband was free from fault. On the contrary, there is evidence, corroborated by the admissions of the husband, sufficient to sustain the finding of the chancellor that both parties were to blame for the separation. In such a situation, we are not authorized to disturb the judgment denying a divorce.

2. The wife upon her cross-appeal insists that she was entitled to an allowance of alimony. The parties at the time of separation entered into a voluntary settlement of their respective property rights against each other. The contract contained a provision to the effect

that the wife would not hold the husband responsible for her support or maintenance, and, "in case she sues for divorce, she will request no alimony." The contract was advisedly made, was prepared with care, and has not been assailed on any ground. Such a contract is not necessarily invalid on its face. Hoskins v. Hoskins, 201 Ky. 208, 256 S. W. 1; Cole v. Waldrop, 204 Ky. 703, 265 S. W. 274; Middleton v. Middleton, 207 Ky. 508, 269 S. W. 552; Hayden v. Hayden, 215 Ky. 299, 284 S. W. 1073; Sparks v. Sparks, 215 Ky. 508, 284 S. W. 1111.

Recognizing this fact, the argument is advanced that the contract did not exclude by its terms the claim for alimony, unless such a claim was put forward in a suit for divorce. The argument is based on the concluding sentence we have already quoted from the contract. That sentence does not admit of such a restricted construction. It plainly excludes the wife's claim for support and maintenance in any form, and precludes any prayer for alimony in an action for divorce. It is obvious that the draftsman of the contract thought that a claim for alimony as an incident to an action for divorce might not be embraced by the terms of the release from the obligation to provide support and maintenance; hence the clause was added which expressly excluded such a claim if an action for divorce should be filed. It was not meant to imply, and could not be construed as contemplating, that an alimony action might be maintained by the wife independently of a suit for divorce. It dealt with the substance of the subject-matter, and not with the form in which it might be presented.

It is further insisted that certain subsequent events revived the obligation released by the contract. The wife charged that after the contract was made, and subsequent to the separation, the husband wrongfully inflicted personal injury upon her which disabled her from supporting herself. She then argues that, since the wife cannot recover from her husband for the personal injury (Dishon v. Dishon, 187 Ky. 497, 219 S. W. 794, 13 A. L. R. 625), he ought to be compelled, notwithstanding the contract to the contrary, to pay her alimony. The right to alimony was relinquished by the contract. A subsequent tort by the husband against the person of his wife, for which no remedy was provided by law, could not be remedied indirectly by imposing upon the husband an

obligation from which he had been voluntarily discharged. The contract was unequivocal and unconditional, and its force was not affected by the later disability of the wife, even though such disability was brought about by the wrongful act of the husband. We have discussed the question upon the assumption that the allegation of the wife respecting the responsibility of her husband for her injury was sustained by the proof, but the evidence is not convincing that the husband inflicted an injury upon the wife. The decision of the circuit court may have been rested upon the failure of proof to sustain the charge. If such was the fact, no error was involved in denying alimony. In either event, the conclusion reached was correct.

The wife also insists that she was entitled to costs, including a fee for her counsel, which the circuit court denied her. The statute provides that in actions for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay the same. Ky. Stats., sec. 900. It will be observed that the wife is entitled to recover her costs, including an attorney fee, in every action for alimony and divorce, unless it be made to appear in the action, first, that the wife is in fault, and second, that she has ample estate to pay the same. Ballard v. Caperton, 2 Metc. 412. There must be a concurrence of the two conditions. Alderson v. Alderson, 113 Ky. 830, 69 S. W. 700, 24 Ky. Law Rep. 595; Gorbrandt v. Gorbrandt, 131 Ky. 395, 115 S. W. 210; Steele v. Steele, 119 Ky. 466, 84 S. W. 516, 27 Ky. Law Rep. 120; Harrison v. Harrison, 146 Ky. 631, 143 S. W. 40; Wills v. Wills, 168 Ky. 38, 181 S. W. 619.; Kreiger v. Kreiger, 194 Ky. 814, 241 S. W. 828. It was made to appear in this action that the wife had considerable property of a substantial value. It was further made to appear that she was not free from fault. Hence the court did not err in requiring each party to pay such portion of the costs as was taxable to him, or in denying to the plaintiff a fee for her attorney.

The judgment is affirmed on the original and on the cross-appeal.