# Robb v. Robb.

Feb. 13, 1940.

Charles Wylie and George R. Smith for appellant.

L. Y. McCarty for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing in part.

The appellee, James M. Robb, was granted a divorce from the appellant, Mrs. Mary Webb Robb, on the ground of abandonment. It was adjudged that each party pay his costs of the suit. The appellant seeks a reversal of that part of the judgment and asks that she

be awarded alimony of $1,000 a year and her costs, including a fee of $600 for her counsel.

The parties were married in April, 1904. By 1935 the appellant had become very active in club work, having been honored with the highest state offices by several women's clubs. Her husband had encouraged her participation in civic affairs. According to the appellee, difficulties arose over the financial demands of his wife beyond what he could afford. The condition was accentuated by the fact that the husband had borrowed his wife's inheritance of about $14,000 some years before. Mrs. Robb was away from home a great deal of the time, engaged in lecturing and other club activities. Her husband violently opposed a trip to Europe that year by his wife. It is fair to say this was earned by Mrs. Robb in procuring a party for the sponsors of the trip to a flower show in Holland and cost him nothing. Upon her return their incompatibility increased. There was a separation in February, 1937, but upon the husband's insistence a reconciliation agreement was signed a few months later. It does not appear in the record. Before this, the appellant had bought a home in Nicholasville and moved there with her son. The appellee came there and stayed three or four weeks, although it appears the reception was not cordial. There was some disagreement about the way he was looking after her farm during this period. In June, 1937, Mrs. Robb asked her husband to leave, saying she could never live with him. She testified that it was because he had not kept his agreement as to contributing to the household expenses.

There are two things to be considered in reviewing the judgment as to alimony and costs. One is who was the proximate cause of the abandonment, and the other the financial status of each party.

It is appellant's contention that appellee's mistreatment for more than two years before the final separation justified her action. She would bring appellee within the rule that the party whose acts and misconduct are such as render the continuance of the marriage relation unbearable is deemed the deserter as he or she is charged with having intended to bring about the abandonment. Hill v. Hill, 239 Ky. 745, 40 S. W. (2d) 367; Craig v. Craig, 246 Ky. 196, 54 S. W. (2d) 648. The appellant also claims that her husband was not entitled to

the judgment of divorce because, at least, he was not without fault, which is a condition to the granting of a divorce for abandonment. Section 2117, Kentucky Statutes. If the blame is mutual and equal, neither party is entitled to a divorce. Manning v. Manning, 188 Ky. 140, 221 S. W. 522. It is sufficient to state our conclusion as to the facts.

The husband probably had reason to be aggravated because his wife apparently made financial demands that he could not supply. As her outside interests grew, she seems, in a measure, to have subordinated the claims of her husband and her home to those of her quasi public career. But, certainly, neither nor both conditions justified his conduct. With devilish malignity he broke valuable and irreplaceable picture slides his wife used in lectures to Garden Clubs, and from time to time destroyed flowers and other things which she cherished, and often harassed and humiliated her in public and in private. Occasionally he resorted to violence. Realizing that these were the outbursts of an ungovernable temper, the wife would forbear and when he became penitent become reconciled. The appellee claims condonation of all that occurred up to the formal agreement of reconciliation in the early part of 1937 and would have the court wipe the slate clean of all that had gone before. Statutory condonation which takes away the right to divorce is not applicable to the ground of cruel treatment. Section 2120, Kentucky Statutes; Meyer v. Meyer, 226 Ky. 278, 10 S. W. (2d) 844. But where there has been forgiveness and a mutual effort to live together in the future, notwithstanding the past, the party, who precipitates or renews the trouble must, as a matter of fact, be chargeable with the greater blame. Therefore, the evidence not manifesting any ground for the wife requesting her husband to leave her home, because of any repetition of his previous cruelty, we think the circuit court properly awarded the divorce to the husband. It is said in brief that the chancellor endeavored to bring about a reconciliation before deciding the case.

The house in which the parties had lived since their marriage, and in which they had reared their two children, was owned by the husband's father. Mrs. Robb had made it a beautiful place by her good taste and hard

work. Mr. Robb had purchased 87 acres adjoining or nearby using the wife's money to pay a substantial part of the cost. When she demanded her money before her trip to Europe, the husband sought the sanctuary of the bankruptcy court. It appears that he had no other substantial creditor and that this was done to spite or humiliate his wife. She accepted the 87-acre farm in satisfaction of her claim and also collected $6,400 from appellee's father, as surety, on another note for $4,000. It is proved that this farm is now worth about $15,000. The wife's property in Nicholasville is worth perhaps $4,000 or $5,000, and she owns some livestock. She values her antique furniture at $4,000. She owes about $4,000. She, therefore, has an estate of about $20,000. It is proved that the husband has no property except his farming implements and some livestock. He leases that part of his father's land on which he and his family lived, and testifies his net income for the past ten years has averaged about $1,000 a year. His health will not permit much physical activity.

Giving due consideration to the element of fault and the matter of financial ability, we are of opinion the appellant was not entitled to alimony.

Section 900, Kentucky Statutes, requires the husband to pay the costs of a divorce proceeding unless it is shown that the wife is in fault and has ample estate to pay same. The two conditions must concur in order to exempt the husband from this imposed liability. Harrison v. Harrison, 146 Ky. 631, 143 S. W. 40.

In this case, as we have stated, the wife technically abandoned the husband. She has ample estate with which to pay the costs. Under a strict interpretation and application of the statute, the husband would be relieved altogether from paying any part of the cost. But, as indicated, we are of opinion that neither the husband nor wife was free from fault, although he was more blameworthy than she for the wreck of their marriage. In many cases where the wife was in fault the husband has been nevertheless held liable for the court costs, including compensation for her counsel, where it appeared she did not have ample estate. Theophanis v. Theophanis, 244 Ky. 689, 51 S. W. (2d) 957, and the cases therein cited. We have held where neither party was entitled to a decree of divorcement, and also where the wife was

at fault and she had property of substantial value, it was proper to adjudge that each party pay his costs, without allowance for an attorney's fee to the wife's counsel. Buckley v. Buckley, 214 Ky. 566, 283 S. W. 1031; Belcher v. Belcher, 242 Ky. 54, 45 S. W. (2d) 841; Evans v. Evans, 247 Ky. 1, 56 S. W. (2d) 547.

In the instant case we have a wife with much more estate than the husband and less in fault than he for the separation. Under the circumstances we think it fair that the husband be required to pay all the court costs and to contribute $150 to the payment of a fee to the appellant's attorneys.

The judgment is reversed to that extent.