## Johnson v. Johnson.

September 23, 1947.

Watt M. Prichard, Judge.

A. W. Mann and J. S. Fullerton for appellant.
Thomas Burchett for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming in part, reversing in part.

Appellant, Pauline Johnson, sued her husband, Norman Johnson, for divorce on the ground of cruel and inhuman treatment and asked the custody of their baby; also, she asked alimony as well as maintenance for the child in reasonable sums. The husband made his answer a counter-claim, wherein he sought a divorce on the same ground and asked the custody of his child.

After considerable proof was taken by depositions, the chancellor refused a divorce to either party. Thereupon, a year having elapsed since their separation, both parties amended their pleadings and each sought a divorce upon the ground of abandonment for one year. The chancellor refused a divorce to either of them on this ground, granted the wife custody of the child, with the privilege to the father of visiting his son, and adjudged that he should pay $25 per month to his wife for the support of the child, with an allowance to the wife of $75 to cover her attorney's fee.

The wife appeals, and the husband says in his brief that he has prosecuted a cross-appeal, but he has failed to move this court for a cross-appeal as is provided by sec. 755 of the Civil Code of Practice. See Catlett v. Johnston, 283 Ky. 120, 140 S. W. 2d 823.

These litigants were married on May 4, 1940, and their son was born on March 7, 1943. The wife left her husband in the spring of 1944, at which time she instituted this action. The parties come from good and substantial families. The husband has been attendance officer for the Boyd County Schools since 1936 at a salary of $120 per month, which nets him around $115 after taxes and retirement fund are deducted. Since 1944 his employer has paid, in addition to his salary, $205 per year to apply on the expense of operating his car as attendance officer, which expense Mr. Johnson testified amounts to between $20 and $25 per month. The husband owns no property except an automobile used in his work and his life's savings of about $495 in cash.

During the war the wife worked in the defense plant of Clayton-Lambert Company, earning $45 per week. The husband testified that all went well with them until

his wife's earnings surpassed his. As is not unusual in such cases, a large record was made and it would serve no useful purpose if we analyzed it in detail—indeed, it might tend in later years to embarrass the parties, their child and the parents of the parties.

In attempting to prove her case of cruel and inhuman treatment, Mrs. Johnson, her parents and Roberta Fullerton, and a couple of Roberta's sisters, testified that Mr. Johnson was not considerate of his wife, neglected her and lavished most of his affection on a house dog; that he was not clean and had some uncouth habits and ways. There was no evidence that he cursed or struck his wife; in fact, Mrs. Johnson testified that he never did. However, when she failed to obtain a divorce upon this ground and amended her pleadings and sought one because of abandonment, Mrs. Johnson testified that he slapped her for pouring out his wine; that he kicked and pinched her until her arms and legs were black and blue; that he allowed one of his friends to pour whiskey down her throat, and his sister to slap her. The husband denied all of these charges and his testimony was supported by Elizabeth Reedy and Ella Hunt, both of whom lived in the same house with him and his wife, the latter being a school teacher.

When Mrs. Meeks, a sister of appellee, was testifying that she and Mrs. Johnson, as well as others, took a drink of wine on a certain occasion, Mrs. Johnson interrupted the witness and told her she was lying. This behavior on the part of Mrs. Johnson, coupled with the fact that she so badly contradicted herself on the question of whether or not her husband was guilty of violence towards her, greatly reduced the value of her testimony, and must have had much weight with the chancellor in holding that she did not make out her case of cruel and inhuman treatment, or that she was forced to abandon her husband without fault upon her part.

Mr. Johnson's attitude toward and treatment of his wife were far from exemplary, and it cannot be said the chancellor erred in not holding that he was free from fault when his wife left his home. His rather indifferent treatment of Mrs. Johnson in not assisting her down the steps when she was on the way to the hospital the night their baby was born shows this. However that

may be, the husband is not here on cross-appeal and we cannot review the chancellor's finding that he was not entitled to a divorce on either of the grounds claimed by him.

There is a direct conflict in the evidence. The familiar rule in this jurisdiction in such instances is that the findings of fact by the chancellor will not be disturbed by this court where there is only a doubt in our minds as to its correctness. The cases are legion on this point and instead of citing some of them, we refer the reader to Key 1009(3) under ''Appeal and Error'' in the Kentucky Digest. Therefore, that part of the chancellor's judgment that the wife was not entitled to a divorce on either the ground of cruel and inhuman treatment or of abandonment is affirmed.

The record shows that Mr. Johnson is a frail man. He formerly suffered from tuberculosis, which appears now to be arrested, but he is highly nervous and at times must resort to sedatives prescribed for him by physicians. His salary is only about $115 per month, and as Mrs. Johnson is capable of earning almost twice as much as he now earns, we think the allowance of $25 per month made by the chancellor for the support of the child is all Mr. Johnson is able to pay at present. Should circumstances change, the chancellor may alter this allowance to meet the change. The cost Mr. Johnson must pay in this action will likely wipe out his small savings of $495.

This is rather a large record, and the litigation was long and drawn out and was hotly, if not bitterly, contested with the parties taking the witness stand on numerous and different occasions. The allowance of $75 for attorney's fee to the wife (who possesses no property) to be taxed as cost was insufficient and that sum is now raised to $150. KRS 453.120; Robb v. Robb, 281 Ky. 729, 137 S. W. 2d 385; Theophanis v. Theophanis, 244 Ky. 689, 51 S. W. 2d 957; Hamilton v. Hamilton, 298 Ky. 447, 183 S. W. 2d 36.

The judgment is affirmed in part and reversed in part with directions that one be entered allowing the wife $150 attorney's fee.