## CHARLES v. CHARLES.

Court of Appeals of Kentucky.
Feb. 8, 1952.

Austin N. Alfrey, Morehead, for appellant.

Lester Hogge, Morehead, for appellee.

SIMS, Justice.

Appellee sued for an absolute divorce on the ground that appellant had an outrageous temper, threatened her life and she believed she was in danger of great bodily harm by continuing to live with him. She asked custody of their three children, a daughter of 13 and two boys of the ages of 11 and 3 years; $1500 alimony, a reasonable allowance for the children and for her court costs, including her attorney's fee. The answer was a general denial followed by a counter-claim wherein the husband sought a divorce on the grounds of cruel and inhuman treatment, and lewd and lascivious conduct upon the part of the wife. He sought the custody of the children and asked the restoration of $1000 in cash which the wife obtained from him by virtue of their marriage.

The chancellor granted the wife a divorce, gave her the custody of the three children, with the right of visitation in the father, and ordered him to pay $60 per month for the support of the children. No alimony was adjudged the wife but she was given the family cow, the household furniture and her court costs. It was further adjudged the wife had in her bank account $1000 which came from the husband as the result of the marriage, but instead of restoring this to the husband, the judgment directed that it "remain in bank to be used and kept by the plaintiff as a trust fund for the three children to be used for their benefit in emergencies * * *".

The husband appeals and insists: 1. The proof shows the wife was guilty of lewd and lascivious conduct and was not entitled to a divorce, and the custody of the children should have been awarded to him; 2. his property should have been restored; 3. the court costs should not have been adjudged against him.

Mrs. Charles was 15 and her husband 21 years of age when they married in October 1934. This action was filed in October 1949, and during the 15 years they lived together both were frugal and industrious. Appellant had $17 when he married, but with help from appellee's father the couple accumulated a little property. At the time

of the divorce appellee had to her credit in bank $3100, of which she had earned $450 working in a factory. She obtained from her husband $1000 of this sum by virtue of their marriage. In addition to the bank account, the parties owned household furniture worth about $800, of which each had paid approximately one-half, and the husband owned an automobile and earned $50 a week as night kiln fireman with the Lee Clay Products Company.

■ This record contains almost 400 pages of testimony and to review it here would serve no useful purpose and might tend to embarrass the parties, and in later years their children. It will suffice to say the record abundantly supports the chancellor's finding that the husband possessed an outrageous temper and threatened the lives of his wife and children. He went to Lexington for treatment of a mental disorder which may have been the cause of, or contributed to, his high temper.

There was testimony by several witnesses of improper conduct by the wife with Frank Gitner, who lived in the community. All of this testimony was successfully refuted by Mrs. Charles by showing the facts did not happen or that her children or sister were in the home with her when Gitner is said to have made his visits there. The testimony of the witness, Elva Gregory, as to seeing Mrs. Charles and Gitner engaged in an immoral act parked in a coupe on the side of a main highway about 8 o'clock one Sunday morning in the early part of January, while the divorce suit was pending, is so unreasonable as not to impress us any more than it did the chancellor. Both Mrs. Charles and Gitner denied it and no other person saw them together that Sunday morning.

■ We do not think the chancellor erred in granting the wife the divorce and giving her the custody of the children. In view of the fact he adjudged her no alimony, it was not error to give her all the household furniture. The costs were correctly adjudged against the husband since the wife was found not to be in fault. Before costs may be adjudged against the wife, she must both be at fault and have ample estate to pay the court costs. KRS 453.120; Robb v. Robb, 281 Ky. 729, 137 S.W.2d 385; Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289.

■ The wife is not appealing from the judgment of the chancellor that $1000 in her bank account was obtained from her husband by virtue of their marriage, but the husband complains because this sum was not actually restored to him and was left in the bank to be used by the wife for the benefit of the children in case of an emergency. It is provided in KRS 403.060 (2) that upon final judgment of absolute divorce all property must be restored which either party obtained from the other in consideration of the marriage. We know of no authority, nor have we been cited to any, which permits the chancellor to impress property, which is ordered restored to the husband, with a trust for the benefit of the children. Should the father not meet his obligation to his children, the chancellor has authority to enforce any order he may make for their benefit.

That part of the judgment is reversed which attempts to impress with a trust for the benefit of the children the $1000 which the wife obtained from the husband by virtue of their marriage. In all other respects the judgment is affirmed.

The judgment is affirmed in part and reversed in part.