## BLEDSOE v. BLEDSOE.

Court of Appeals of Kentucky.

May 7, 1954.

Richard L. Garnett, Glasgow, for appellant.

T. L. Hatchett and W. E. Jones, Glasgow, for appellee.

COMBS, Justice.

Mildred Bledsoe, the appellant, filed suit for a divorce from her husband, Carlos Bledsoe, the appellee, and for custody of

their two daughters, ages three and seven. The appellee, by counterclaim, asked for a divorce and for custody of the children. Both parties relied on the statutory ground of cruel and inhuman treatment. A divorce was granted to the wife and the husband was ordered to pay to her $60 per month during the time she has custody of the children. Custody of the children was awarded to each parent on alternate months. It was also adjudged that the husband pay the costs of the action and $50 of the wife's cost for depositions.

The wife has appealed from that part of the judgment which gives custody of the children to their father on alternate months, and from the order that she pay the remainder of her deposition costs and her attorney's fee.

The parties live in different communities, approximately 15 miles apart, in Barren County, Kentucky. Under the present custody order the child that is now in school, as well as the younger one when she reaches school age, would be required either to attend a different school every thirty days or it would be necessary to transport them a distance of several miles to and from school while they are with their father. The children would be required to readjust themselves to the routine, the food and the general atmosphere of a different home every thirty days. They have lived in the community where their mother now lives practically all their lives. The older child has attended school in that community. We believe it is imperative that they have a reasonably permanent residence, especially while they are in school. We also believe the present arrangement casts an unreasonable burden on the children, who are always the innocent sufferers in litigations of this kind.

■ After a thorough examination of the record we are convinced the interests of the children, which is our sole concern at this time, will be served best by placing them in the custody of their mother for ten months out of each year, which shall include the school term, and in the custody of their father for two months out of each year, beginning immediately upon the termination of the school term. The chancellor will, of course, make provisions for reasonable visitation for each of the parents.

■ The wife also contends that the father is an unfit person to have custody of the children. However, the chancellor found otherwise upon conflicting testimony and we are not inclined to reverse his finding on that issue.

We now look to the wife's final point, namely, that she is entitled to a judgment for her costs, including her attorney's fee, as a matter of right since she was granted an absolute divorce. This was denied to her except for $50 as part of her deposition costs.

■ The question of who must bear the cost of a divorce action is determined by statute in this state. KRS 453.120 provides: "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs." This court has consistently held that both conditions must exist in order to relieve the husband from liability. Charles v. Charles, Ky., 246 S.W. 2d 161; Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; Robb v. Robb, 281 Ky. 729, 137 S.W.2d 385. In the present case the chancellor found that both parties were at fault and it is stated in his opinion that the only reason the wife was given the divorce was because she asked for it first. It is undisputed that the wife has ample estate to pay her costs. The family has subsisted largely upon the earnings from her property since their marriage. At the present time the husband has practically no estate or earnings, while the wife has a substantial estate. We conclude the chancellor properly decided the question of liability for costs.

The judgment is affirmed in part and reversed in part, with directions to enter one in conformity with this opinion.