**Flora J. STEPHENS, Appellant,**

v.

**Sam STEPHENS, Appellee.**

Court of Appeals of Kentucky.

June 17, 1955.

Edward H. Johnstone, Princeton, for appellant.

J. C. Cannady, Providence, for appellee.

CAMMACK, Judge.

This is an appeal from a judgment of the Caldwell Circuit Court denying the appellant, Flora Stephens, a divorce from her husband, Sam Stephens. Mrs. Stephens filed an action for an absolute divorce in April, 1953, in which she relied upon the statutory ground of cruel and inhuman treatment. After all the proof was in the trial court adjudged that she had condoned the cruel and inhuman treatment and entered judgment dismissing her petition. It is contended that the court erred in so doing.

The parties were married in 1941, and lived together as man and wife until their separation in 1953. Mrs. Stephens testified concerning various acts of cruelty on the part of her husband. She said that his excessive drinking, cursing, abuse, neglect and coldness toward her led to their separation in February, 1953. They were separated about two weeks, then lived together again as man and wife for about two weeks.

Their efforts at reconciliation were unavailing and they have not lived together as man and wife since their second separation. Their two-week resumption of cohabitation evidently led the trial court to the conclusion that the cruel and inhuman treatment had been condoned.

We are of the opinion that the condonation statute, KRS 403.040, has no application where the divorce is sought on the ground of cruel and inhuman treatment. The statute provides:

"(1) Cohabitation as man and wife, after knowledge of the adultery or lewd and lascivious behavior complained of, shall take away the right of divorce therefor."

We have stated specifically that this statute is not applicable where the divorce is sought on the ground of cruel and inhuman treatment. Robb v. Robb, 281 Ky. 729, 137 S.W. 2d 385; Meyer v. Meyer, 226 Ky. 278, 10 S.W.2d 844. In the Robb case we said [281 Ky. 729, 137 S.W.2d 386]:

"* * * But where there has been forgiveness and a mutual effort to live together in the future notwithstanding the past, the party, who precipitates or renews the trouble must, as a matter of fact, be chargeable with the greater blame. * * *"

The Robb and Meyer cases show clearly the inapplicability of the case of Buckley v. Buckley, 214 Ky. 566, 283 S.W. 1031, relied upon by the trial court in his opinion. See also York v. York, Ky., 280 S.W.2d 553.

We will not attempt to determine who was responsible for the second separation or who precipitated or renewed the trouble in this case. Nor will we consider the question of alimony, since we think those questions should be passed upon first by the trial court. We are deciding only that KRS 403.040 does not apply to this case, and that there was no condonation on the part of Mrs. Stephens of the alleged acts of cruelty on the part of her husband.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.