Chief Justice Robertson
delivered the Opinion of the Court.
Elizabeth Dejarnet having sued her husband, John Dejarnet, for alimony—he, in his answer in the nature of a cross bill, resisted her claim, and prayed for a divorce, in answer to which she assented to his prayer, and asked for a divorce, also, for herself.
The Circuit Court having decreed a divorce in favor of each party, but refused to decree in the wife’s favor, any portion of the husband’s estate, she prosecutes this writ of error, for the purpose of obtaining some distribution.
Although the grounds for divorcing either party, are at least very questionable, and the decree in favor of, and against each party, was anomalous and unauthorized; yet, as the statute regulating such suits, prohibits a revision by this Court, of a decree granting a divorce, we have no jurisdiction over the decree divorcing the parties from each other.
But nevertheless, if the Circuit Court erred, in with *500 holding from the wife a decree for some portion of the estate, that error may be corrected.
A wife filed a bill for alimony, which led to a divorce granted to her husband, and to to her, also; there was evidence inducing a suspicion that she had attempted to poison her husband; and she, in her bill, had suggested that she would be satisfied with a restoration of the property she had before her marriage—which was but a small portion of his estate: this court decides that she shall have a decree for so much of that property as is preserved, and for the value of what has been consumed by the husband.
There being some evidence tending to a strong suspicion that Mrs. Dejarnet attempted to poison her husband, we are satisfied that it would not be unjust to her, to refuse to allow to her as much of the estate as she might have been entitled to by law, had he been dead, instead of being alive and divorced from her. But, as the Circuit Judge decided that she was entitled to a divorce, surely, in the exercise of the sound judicial discretion delegated by the statute, he could not consistently, decide that she had, in equity or conscience, forfeited all right to an interest in the estate; and, had she neither been divorced, nor entitled to a divorce, we should have been of the opinion that, there is no satisfactory or sufficient reason for casting her out upon the world, not only destitute, but stripped of even the humble property which she carried to her husband upon marriage, and compared with which his own estate was large, and the more especially as she too had been grossly maltreated' by him. Their common child he may be compelled to maintain; but her own maintenance, after divorce, must be provided by herself alone, or by charity.
Upon full consideration, we are therefore of the opinion—especially as it is far from being certain that she ever attempted to poison her late husband, and seemed in her bill to be willing to be satisfied with a restitution of the property he got by the marriage—that the Circuit Court ought to have made a decree in her favor, to that extent; and we are not sure, that she is equitably entitled to more, or to any portion of her husband’s own separate estate, independently of what he obtained from her by an union now forever dissolved.
Wherefore, it is decreed and ordered, that the cause be remanded, with instructions to ascertain and decree to Mrs. Dejarnet, such of the property which she owned prior to their marriage, as is yet in the possession of her late husband, and the value, also, of so much thereof as shall have been consumed in the use or converted or appropriated by him.