*Dunlap & Dunlap, for appellants.*

---

## HENRY A. SELF v. MATTIE SELF.

[Abstract Kentucky Law Reporter, Vol. 1—356.]

**Husband and Wife—Divorce for Abandonment.**

> When a husband seeks a divorce on the ground that his wife has abandoned him, he is required to prove facts showing such abandonment, and that it was her duty to return to him. Witnesses in such a case should state the circumstances and not their mere opinions that the wife abandoned the husband.

APPEAL FROM FAYETTE CIRCUIT COURT.

October 30, 1880.

OPINION BY JUDGE COFER:

The evidence of the alleged abandonment is in the most general terms. The witnesses say the appellee abandoned her husband, but not a single fact as to the cause or alleged cause, or the circumstances of the abandonment, is proved. The parties seem to have been boarding when the supposed abandonment occurred.

The reading of the depositions impresses the reader with the idea that something is withheld. But whether such be the fact or not, the witnesses should have been asked for facts and not for opinions. The person at whose house the parties had been boarding, as well as the brother of the appellant, says the appellee abandoned him; and the former says he did not see any just cause for her to do so. This im-

plies that there may have been something which the appellee regarded as just cause, and if the witnesses had been asked to state the circumstances under which the separation took place it may be that the court would have been of the same opinion.

It is not shown that the appellant made any effort to induce her to return, nor that he had either a home or a boarding place to which she could have returned. It was his duty to show such facts as made it her duty to return to him. In this he has wholly failed. Under such circumstances it is the duty of the chancellor to refuse to grant a divorce.

The law, for wise purposes, has required a party seeking a divorce to make out his case by evidence, and when abandonment is made the ground for the application it is necessary to show that the abandonment was without the fault of the plaintiff, and that the defendant was in fault in not resuming the marital relation.

That was not done in this case, and the petition was properly dismissed.

Judgment *affirmed*.

*J. H. Webster, for appellant.*