## Bishop v. Bishop.

(Decided November 7, 1913).

Appeal from Fleming Circuit Court.

1. Divorce—Abandonment.—One seeking divorce upon the ground of abandonment must show the abandonment was without fault upon his part.

2. Divorce—Grounds for Must be Pleaded and Proved.—Our statutes prescribing the grounds for divorce must be accurately pleaded and clearly proved. It is against a sound public policy to grant divorces upon frivolous grounds or manufactured pretexts.

THOS. D. SLATTERY for appellant.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant and appellee were married in 1908 and lived together until July, 1911. Although two children were born to them, their short married life seems not to have been particularly happy. The evidence dis-

closes that appellant had previously suggested a separation, and had offered to give his wife their only horse and buggy if she would leave.

At the time of the separation they were living at Orangeburg in Mason County, and her father lived some miles away in Fleming County; in the same neighborhood where appellee's father lived appellant had relatives.

Appellant took appellee and the two children in his own buggy to the home of his relative near her father's home and left them there, and from there the wife and children went alone to her father's home. Although it was not known at the time that it was a separation, there are many circumstances indicating that the parties themselves intended it as such. The fact that she packed up a good many of her clothes and those of her children before leaving home, and the fact that he had previously suggested the separation, and the significant fact that he did not take her directly to her father's home, are all persuasive evidences that the parties intended it as a separation, although their families and friends did not know it to be such until some time later.

She continued to live at her father's home with her two children, and after the expiration of a year appellant instituted this action for divorce on the ground of abandonment.

During her stay at her father's home appellant neither went for her, sent for her, nor wrote to her, and so far as the record shows there was no communication between them; there was no effort upon the part of either of them to adjust their differences with the view of again living together, although it does appear from the evidence that appellee had said during that time that she would go back to him if he sent for her. During the separation appellant made no provision whatever for either her or her children, except upon one occasion he sent to each of the children some little clothing.

Appellee filed her answer denying the abandonment, or that she had refused to live with the plaintiff; and in a second paragraph which she made a counterclaim asked for divorce upon the ground of cruel and inhuman treatment. But before the case was submitted for judgment she dismissed her counterclaim; thereupon the lower court dismissed plaintiff's petition, and he has appealed.

The provision of our statute prescribing the ground for divorce is that abandonment by one party of another for a year shall be ground for divorce to the party not in fault.

Under this statute it is essential for the plaintiff to show not only the abandonment for one year, but that it was without fault upon his part. (Mays v. Mays, 115 S. W., 717.) Clearly, appellant is not in such attitude before the court as to authorize it to adjudge he was without fault; on the contrary the lower court was justified under the evidence in believing that he deliberately brought about the separation.

Our statutes prescribing the grounds for divorce are mandatory, and they must be accurately pleaded and clearly proved; it is against a sound public policy to permit the granting of divorces upon frivolous grounds or manufactured pretexts.

Judgment affirmed.