## Sanders v. Sanders.

(Decided May 2, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. **Divorce—Setting Aside Judgment.**—While the grounds and remedies for setting aside judgments generally do not apply to judgments in divorce cases, still the court rendering them may for just cause set them aside during the term, provided the condition of the parties remains unchanged; but before doing so the moving party must either give notice of the motion, or it must be waived by the other appearing and resisting it.

2. **Divorce—Abandonment.**—To authorize a divorce upon the statutory ground of twelve months' wrongful abandonment, the plaintiff must both allege and prove that the abandonment, as well as its twelve months' continuity, was without his fault; for if he consented to the abandonment or contributed to its continuity for the statutory period without just cause he will not be granted a divorce upon that ground, since in either case he would be in fault.

3. **Divorce—Grounds—Just Cause.**—The "just cause" within above paragraph (2) must be such as to itself constitute grounds for divorce in favor of the one abandoned.

W. McKEE DUNCAN and J. L. RICHARDSON for appellant.

T. A. LUMAN and J. L. RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a divorce suit filed by plaintiff and appellant against his wife, the defendant and appellee, seeking a dissolution of the bonds of matrimony upon the sole ground of one year's abandonment of plaintiff by defendant without his fault.

The answer denied the grounds alleged in the petition, and by a counterclaim in a second paragraph sought a decree of separation from plaintiff and judgment for alimony against him upon the grounds of (a) cruel and in-

human treatment, and (b) such habitual behavior toward her by plaintiff for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her and destroy permanently her peace and happiness. Evidence was taken by both parties and the cause submitted, when on December 8, 1917, a judgment was rendered granting to plaintiff a divorce and dismissing defendant's counterclaim. Within two days thereafter, and before any change in the status of either party, the court, upon motion of defendant, set aside that judgment and later, upon resubmission, dismissed the petition as well as the counterclaim and adjudged that plaintiff pay the cost of the suit, including $60.00 allowance to defendant's attorneys, and from that judgment plaintiff prosecutes this appeal, but no cross-appeal has been taken.

The first error complained of is that the court was without jurisdiction to set aside the first judgment, although admittedly done at the same term of court; and in support of this contention we are cited to the cases of McCracken v. McCracken, 109 Ky. 766; Bristow v. Bristow, 21 Ky. Law Rep., 481; Bentz v. Bentz, *idem.* 1225; Hendrix v. Hendrix, 25 Ky. Lew Rep. 632, and Greer v. Greer, *idem,* 1247. Upon a cursory reading of those cases it would seem that in some of them the opinions contain statements sufficiently broad to deny the court jurisdiction under any circumstances to set aside a judgment of divorce at the same term that it was rendered, but a close analysis of them will show that such statements were not necessary to a determination of the cause upon the facts presented. However, there exists in this jurisdiction, at least, a well grounded exception to the general rule contended for by plaintiff, and which exception may be found fully stated in the case of Droste v. Droste, 138 Ky. 53. In that case it was held, as was proper, that the grounds for setting aside ordinary judgments at law or in equity after the expiration of the term do not apply to judgments in divorce cases. The court, in the opinion, points out that in the Bristow case it was apparent from the record that the motion to set aside the judgment was made after the expiration of the term at which it was rendered. That in the Bentz case one of the parties had married before the motion to set aside was entered; that in the McCracken case the record failed to show whether either of the parties had married before

the motion to set aside, and also failed to show whether the motion was made during or subsequent to the term at which the judgment was rendered; that in the Hendrix case, and also in the Greer case, it was recognized that the court had power, during the term, to set aside the judgment for sufficient cause, provided the condition of the parties remained unchanged, as appears from this excerpt from the opinion in the Hendrix case: "During the term, however, and while the condition of both parties remains unchanged, the judgment may be set aside at the instance of one party, but not without notice to the other." The final conclusion of the court as to the correct rule in such cases is thus stated:

"We think the apparent conflict in the cases is due more to the failure to state fully in the opinion the facts than to any other cause, and that the rule established by the later cases and to which we adhere is that a judgment for divorce may be set aside during the term at which it was rendered upon motion made by either of the parties after due notice to the other, provided the condition of the parties has not changed; or, in other words, if neither of them marries after the judgment of divorce is entered, and before it is set aside. But, if either of the parties marries after the divorce is granted and before it is set aside, then the court is without power to annul the divorce, although the motion so to do may be made during the term. But, after the term, the court has no power to set aside a judgment granting a divorce. It can only be annulled in the manner pointed out in section 426 of the Civil Code. The motion in this case to set aside the judgment was made during the term, and after notice to the other party; the only error in the practice being that it was not made to appear to the court by affidavit or otherwise that neither of the parties had married after the divorce was granted and before the judgment was set aside. We think, however, we may safely assume that neither of the parties had married, as, if the appellant had married after the divorce was granted and before it was set aside, he would surely have stated this vital fact in his affidavit resisting the motion. Taking it for granted, then, that the condition of the parties had not changed since the divorce was granted, we are of the opinion that the court was fully justified in setting aside the judgment and granting the appellee a new trial."

The doctrine of the Droste case was recognized and applied in the later one of Summers v. Summers, 146 Ky. 653, but it was therein emphasized that the court would have no jurisdiction to set aside the judgment if the condition of either party had changed, and that before doing so that fact should be made manifest to the satisfaction of the court.

In this case there was not filed by defendant at the time of making the motion to set aside the first judgment any affidavit or writing of any kind showing no change in the condition of the parties since the rendition of the judgment, but that fact does otherwise appear in the record, and in the Droste case, as will be seen from the excerpt, *supra,* the record was in the same condition and it was held that the trial court as well as this court had the right to treat the question as though the fact of no change in the condition of the parties had been manifested by some character of writing or pleading. We, therefore, conclude that the court had jurisdiction to entertain the motion to set aside the first judgment.

Whether the merits of the case were such as to authorize it, or to authorize the judgment appealed from, is another question, and will now receive our consideration. The parties were married in June, 1912. They lived upon a small farm owned by plaintiff in the county of Jefferson. Both of them had been married before, and each had children by their former marriage, but none living with them at the time of their marriage or afterward. For a while the parties got along pleasantly and agreeably, but plaintiff claims that after a few months defendant manifested an ill-temper and a quarrelsome disposition, because of which she, on frequent occasions, and without provocation, would abuse and threaten him. These charges, although denied by defendant, are testified to (in depositions containing altogether leading questions) by some of the neighbors. However, for the purposes of this case we do not deem it necessary to analyze the evidence bearing upon that phase of the controversy, except to say that it was insufficient to establish cause for divorce had this ground been alleged in the petition.

On August 8, 1916, after one of the manifestations of defendant's temper, she was taken to the home of a son by her former marriage (located some eight miles from where the parties lived) and plaintiff gave her ten dollars, which he and his witnesses claim was in full satis-

faction of her marital rights in any of plaintiff's property, he contending that upon that occasion there was a mutual agreement for a permanent separation, while defendant contends that she never had any idea of a permanent separation but only went away on a visit, and that the ten dollars was given her to pay some necessary expenses. Some time afterward, and without returning to her home, defendant visited another son in Cleveland, Ohio, and did not return to Kentucky for several months, during which time plaintiff claims to have known nothing of her whereabouts. After returning to Kentucky, she did not at once either return or offer to return to plaintiff's home, but again went to the home of her son and in the meantime obtained a position with some firm in Louisville to perform light work. Nearly ten months after she went away she sent word to plaintiff that if he would come after her or send for her she would return to his home and resume her place therein as his wife, in response to which he wrote her this letter:

"I am informed that you are in Jefferson county and have expressed an intention to return to my house. I hereby notify you not to return to my home and not annoy me with your presence. You left me ten months ago without cause and have been living a dissolute and drunken life and I will, under no circumstances, take you back to my home or treat you again as my wife." He procured an officer to deliver that letter to defendant and make a return thereon, and within a little more than two months thereafter he filed this suit. The charges contained in the letter are not substantiated.

We feel well assured that plaintiff under the facts related is not entitled to a divorce upon the ground of abandonment relied on for two reasons: (1) That the separation, according to his contention, was by mutual agreement; and (2) that he was not without fault in that he at least partially contributed to the twelve months' abandonment complained of by the letter he wrote and caused to be delivered to defendant before the expiration of that time. These reasons will be briefly considered in the order named.

(1) The abandonment mentioned in the statute must be one over the protest of the objecting spouse and contrary to his consent and wishes. If the one abandoned agrees to it, he becomes a party thereto and will not be allowed to afterward come into a court of equity and ob-

tain a divorce by reason thereof. This question was presented and so determined in the case of Masterson v. Masterson, 20 Ky. Law Rep. 631. In that case there was an agreement that the parties should live separate and apart, and after the expiration of twelve months the husband sought a divorce from his wife upon the same ground that plaintiff relies on in this case, and in denying him relief the court said:

"We think as a matter of law that this mutual separation, and one, we may add, that was subsequently enforced by the husband under process obtained by him enjoining his wife from returning to his home because of this agreement of separation, can not be termed an abandonment within the meaning of our laws on the subject of divorce."

Without this express adjudication upon the point it may be said that to hold otherwise would render it possible in every case where the parties were dissatisfied for them to manufacture a ground for divorce and thus render unstable the marriage status—a relation so much cherished by the law. It would also disregard the statute which requires that this ground for divorce shall be entirely without the fault of the plaintiff, since he can not claim to be without fault for an abandonment to which he agreed. See, also, Kean v. Kean, 5 Ky. Law Rep. 67, and 14 Cyc. 611.

2. The statute not only requires as an element of this ground for divorce that there should be an abandonment by defendant without fault of the plaintiff, but such abandonment must continue without his fault for twelve months. If he is in fault in bringing about either of the elements necessary to complete the ground, he can not be allowed to complain. Hence, the law requires that plaintiff in relying upon the wrongful abandonment in his suit for divorce must not only allege and prove the fact of twelve months' abandonment, but he must further show that both the *abandonment* and its *continuity* for twelve months were without fault on his part. Self v. Self, 1 Ky. Law Rep. 356; 10 Ky. Opinions, 835; Mayes v. Mayes, 115 S. W. (Ky.) 717, and Bishop v. Bishop, 155 Ky. 679.

The law out of its cherished desire to preserve the marital relation and that husband and wife may live amicably together and become the builders of homes which are the bulwark of society, in consideration of the weakness and frailties of humanity, has wisely provided

that a wrongful abandonment alone will not authorize a judicial separation. An additional period of time following the abandonment (varying in different jurisdictions) is fixed, during which the offending party may repent and return to the abandoned home, thus affording an opportunity for reconciliation. If within that time such a purpose is manifested, it is the duty of the one abandoned not to obstruct that purpose, and if he does so he can not be said to be without fault, unless the reason for his action is itself sufficient to constitute ground for divorce.

In 9 R. C. L. 373, the general rule is thus stated: "Though one spouse has separated from the other without excuse, if he or she in good faith seeks a reconciliation, and offers to return, and the latter refuses such overtures, the former is not to be deemed thereafter, as a general rule, guilty of desertion." To the same effect is the note in 138 A. S. R. 154, and note in 119 A. S. R. on page 623.

In the volume of Cyc., *supra*, 616, the rule with reference to both propositions (1) and (2) under consideration is thus stated: "It has been firmly established by the decisions that if, either expressly or by implication from the circumstances, the complainant consents to the original separation or to its continuance, and that consent is not revoked, there is no such desertion as warrants a divorce." On page 618 of the same volume, this language is found: "If before the expiration of the statutory period of desertion a spouse otherwise guilty of desertion offers to resume the marriage relationship the continuity of the period of duration is interrupted and there can be no divorce, unless the separation was due to the misconduct of the party offering the reconciliation and that such misconduct on the part of such party still continues," See, also, Garrison v. Garrison, 31 Ky. L. R. 1209, on page 1213.

As we have seen, it can not be said that defendant was wholly to blame for the separation relied on by plaintiff, since he consented thereto. Before the expiration of the statutory period she offered to resume the marriage relationship, but this was refused by plaintiff, and according to the authorities, *supra*, the duration of the period of abandonment entitling him to a divorce was interrupted, which interruption was his voluntary act and to that extent put him in fault.

It must not be overlooked that there is no relief sought because of any other ground than that of one year's abandonment, and we think the facts in the case do not entitle plaintiff to rely thereon.

It is the settled rule in this jurisdiction that a wife, even though she be in fault, is entitled to recover her cost in divorce cases, including a reasonable attorney fee, when she is without property and is unable to pay the cost. Ky. Statutes, section 900; Steele v. Steele, 119 Ky. 466, and Wills v. Wills, 168 Ky. 135.

The fee allowed in this case appears to be reasonable and will not be disturbed.

Upon the whole case we find no error in the judgment, and it is therefore affirmed.