## Doolin v. Doolin.

(Decided November 13, 1925.)

### Appeal from Warren Circuit Court.

1. Divorce—Husband's Conduct Constituted "Habitual Behavior in Cruel and Inhuman Manner," so as to Destroy Wife's Peace and Happiness, thereby Entitling Her to Divorce and Alimony.—Husband's conduct in maintaining an illicit relationship with his daughter, which had resulted in her becoming a mother, constituted "habitual behavior in cruel and inhuman manner," so as to destroy wife's peace and happiness within the statute, thereby entitling her to divorce and alimony.

2. Divorce—The Court of Appeals May Reverse Judgment Refusing Divorce and Review Lower Court's Judgment on Question of Alimony.—While Supreme Court, cannot reverse a judgment granting a divorce, it may reverse a judgment refusing one, and in either event judgment of lower court on question of alimony is reviewable.

3. Divorce—Court should have Granted Alimony in sum of $500.00, Together with Costs, Including an Allowance to Plaintiff's Attorneys.—Where plaintiff was entitled to divorce, and defendant owned personal property valued at $500.00 to $1,000.00, and was an able-bodied man, 43 years of age, court should have granted her alimony in the sum of $500.00, together with costs, including allowance to her attorneys.

GARDNER, OLIVER & DIXON for appellant.

A. M. CHANEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Reversing.

This is an appeal by the wife from a judgment dismissing her petition for divorce and alimony. The cause asserted therefor is habitual behavior toward her by

the husband for not less than six months in such cruel and inhuman manner as to destroy permanently her peace and happiness.

The husband did not appear or defend in the lower court and there is no appearance for him here.

In support of the charge the wife testified that she and her husband were married in 1905 and had lived together as husband and wife until March, 1924; that eight children were born to them, the oldest being a daughter, Naomi, who was sixteen years of age at the time of the separation; that for more than a year theretofore the defendant had maintained an illicit relationship with the daughter, Naomi, which had resulted in her becoming a mother; that when the daughter informed her of the defendant's actions and of her efforts to resist him that she, the wife, had protested to the defendant and he denied the truth of the daughter's statements; that she became convinced, however, that same were true in July, 1923, and that the defendant, though still denying the truth of the charge, had frequently promised the witness that he would not bother the daughter any more, but that despite these promises and the protests of both the daughter and the mother had persisted therein. The daughter fully corroborated the testimony of the wife and their testimony is not contradicted or discredited by any one or in any way.

That there could be no more cruel and inhuman treatment by a husband of his wife or conduct more certainly calculated to destroy permanently her peace and happiness than that proven without contradiction in this case is too clear to admit of doubt.

For much less reprehensible conduct upon the part of the husband the wife was granted a divorce in Davis v. Davis, 86 Ky. 32, 4 S. W. 822. It was there held that a husband was guilty in the meaning of the statute of behaving towards his wife in a cruel and inhuman manner by requiring her to live in the same house with his daughter by a former marriage who was leading a life of shame. This being true, it is apparent that the conduct of the defendant detailed above comes even more clearly within the meaning of the statute.

It results, therefore, that the court erred in refusing to grant the appellant divorce and alimony. And, while this court cannot reverse a judgment granting a divorce, it may reverse a judgment refusing one. Boggess v. Boggess, 4 Dana 308; Dejarnet v. Dejarnet, 5 Dana 499;

Evans v. Evans, 5 B. Monroe 278; Kreiger v. Kreiger, 194 Ky. 812, 241 S. W. 828; and in either state of case the judgment of the lower court upon the question of alimony is reviewable.

The plaintiff is without means, and it was shown that the defendant owns personal property worth from $500.00 to $1,000.00, and that he is an able-bodied man forty-three years of age.

Under this proof the chancellor should not only have granted to the wife a divorce and custody of the children, but alimony as well in the sum of $500.00, together with costs, including an allowance to her attorneys.

Wherefore, the judgment is reversed and the cause remanded, with directions to enter a judgment conforming to this opinion.