## Joseph Morey v. Bernice Morey.

(Decided March 8, 1927.)

### Appeal from McCracken Circuit Court.

1. Divorce—Wife's Unjustified Refusal to Live With Husband and go Wherever he Provides Home Constitutes "Abandonment" (Ky. Stats., Section 2117).—It is wife's duty to live with her husband and go wherever he provides a home, and her refusal to do so without justification constitutes "abandonment," under Ky. Stats., section 2117.

2. Divorce—Continued Abandonment for Over Year by Wife, First Refusing in Another State to Live With Husband in This State, Entitles Him to Divorce (Civil Code of Practice, Section 423; Ky. Stats., Sections 2117, 2120).—Where wife, residing in another state,

persists, without just cause, in refusal to live with husband at domicile provided by him in this state in good faith, cause of divorce "exists" in this state, within Civil Code of Practice, section 423, though refusal first occurred in such other state, and, abandonment having continued for over year, husband is entitled to divorce under Ky. Stats., section 2117, though not a ground therefor in such other state, as required by section 2120 to authorize divorce for anything done out of this state.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

F. E. GRAVES, Warning Order Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

In this action Joseph Morey sought a divorce from his wife, Bernice Morey, on the ground of abandonment. The divorce was denied because the chancellor was of the opinion that the abandonment took place in New York, and it was not shown that abandonment for one year was a ground of divorce in that state. The husband appeals.

The facts as disclosed by the evidence of two witnesses are these: The parties resided in New York. Appellant is a silk hosiery knitter. There are only a few silk hosiery mills in the country, one of them being in Paducah. In order to get employment in his line of work it was necessary for him to leave New York and go to Paducah, where he accepted a position with the Claussner Hosiery Mills. When he left New York his wife stated that she did not want to go to Paducah and refused to accompany him. This occurred about two years before the suit was filed, and since that time his wife has not lived with him.

Under section 2117, Kentucky Statutes, "abandonment by one party or the other for one year" is a ground of divorce.

Section 2120, provides, in part, as follows:

"Action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the state; if not, then in the county of the husband's residence. And no such action shall be brought by one who has not been a continuous resident of this state for a year next before its institution. Nor, unless the party complaining had an actual residence here at the time of the doing of the act complained of, shall a divorce be granted for any-

thing done out of this state, unless it was also a cause for divorce by the law of the country where the act was done.''

Section 423, Civil Code, provides:

"The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce—

"1. A residence in this state for one year next before the commencement of the action.

"2. That the cause of divorce occurred or *existed* in this state, or, if out of the state, either that it was a legal cause of divorce in the state where it occurred or *existed,* or that the plaintiff's residence was then in this state.

"3. That the cause of divorce occurred or *existed* within five years next before the commencement of the action.''

As it was not shown that abandonment was a cause of divorce in New York, the correctness of the chancellor's decision depends on whether the abandonment occurred or *existed* in this state. Under our law it is the duty of the wife to live with her husband and to go wherever he provides a home, and her refusal to do so without justification constitutes abandonment. Coleman v. Coleman, 164 Ky. 709, 176 S. W. 186; 14 Cyc. 631; 19 C. J. 59 and 60. There is no suggestion in the record that the husband came here for the purpose of obtaining a divorce. On the contrary, the evidence makes it clear that he came here for the purpose of establishing a home and following his trade. That being true, it was the duty of his wife to follow him. In the circumstances the place where the wife's refusal first occurred, or the abandonment had its beginning, can not be regarded as controlling. Abandonment is a continuous act, and where the wife, though residing in another state, persists without just cause in her refusal to live with her husband at the domicile which he in good faith has selected and provided in this state, the cause of divorce *exists* in this state, and she abandons him in this state as effectually as if she had first accompanied him to this state and had then left him. The abandonment having existed and continued in this state for more than one year, it follows that appellant was entitled to a divorce.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.