### Gribben v. Gribben.

(Decided December 18, 1928.)

BEN V. SMITH & SON for appellant.

C. L. TARTER and B. J. BETHURUM for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellee, Alice Gribben, filed this suit in the Pulaski circuit court for a divorce from the appellant and custody of their 8 year old child. The ground of divorce relied on was cruel and inhuman treatment, alleged to have been suffered in Ohio, under the laws of which state it also is a ground for legal separation. She alleged she had been a resident of Pulaski county all her life; that the defendant was a nonresident and absent from Kentucky, but she had no knowledge or information as to his residence or post office address, except the last information she had he was in Cincinnati. A warning order was duly made, and on the third day of the ensuing February, 1928, term of court the warning order attorney filed his report stating that a letter addressed to the defendant at Cincinnati had been returned undelivered by the post office authorities and that he was not authorized to make any defense. On the twenty-second day of the term, a judgment of divorce was granted to plaintiff and custody of the child awarded her.

During the same term of court, thirteen days after the rendition of the judgment, appellant, as defendant, after notice given, filed a motion to set aside the judgment and permit him to file his answer (denominated also "cross-petition") tendered with the motion. In support thereof he filed his affidavit charging that the decree had been obtained by false and fraudulent repre-

sentations; that the plaintiff had abandoned him on March 16, 1927, without cause; that on March 21, 1927, he had filed a suit for divorce against her in Hamilton county, Ohio, in which case Mrs. Gribben filed an answer and cross-petition also seeking a divorce, in which pleading she alleged her residency in the state of Ohio for more than one year next preceding the date of its filing; and that the court dismissed the petition and counterclaim because no grounds of divorce were proved by either. He further stated that subsequent to the dismissal of the divorce suit in Ohio he and the defendant entered into a written agreement concerning the time each was to have custody of their child, and charged her with violating that agreement by taking the child out of the jurisdiction of the Ohio court and bringing him to Kentucky. He charged that the statements in the plaintiff's petition that she had had a continuous residency in Kentucky during her whole life and that she did not know his address were false. He further stated he had no knowledge or information that the suit was pending until he was advised by his attorney in Cincinnati that a copy of the divorce decree had been sent to him by mail by "the Judge of the Pulaski Circuit Court," and he had immediately taken steps to defend the action. The appellant filed with his motion duly authenticated copies of the petition and counterclaim filed in the Cincinnati court. The counterclaim sworn to by the appellee on March 23, 1927, less than nine months before the institution of this action, contained this clause: "Now comes the defendant and for cross-petition herein says she is now and has been for the year last past a bona fide resident of the County of Hamilton and State of Ohio," etc. The appellant also filed other affidavits showing his ability and fitness to care for the child.

The court overruled the defendant's motion, and refused to set aside the judgment and permit the filing of the answer, from which order this appeal is prosecuted. His counsel assign numerous reasons for a reversal.

It is within the discretion of a trial court to set aside its judgments where he has authority to do so, and this court has many times declared its unwillingness to interfere unless the discretion has been exercised in an unreasonable, arbitrary, or capricious manner. Although we are not authorized to reverse the court's ruling in this

case for reasons presently appearing, we do not hesitate to express the opinion that in this instance the trial court abused the discretion vested in him. During the term at which a decree of divorce is rendered, where there has been no change in the status of the parties (as shown here), the chancellor is authorized upon a proper showing to set it aside. See Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425, in which full consideration is given this subject. The charges brought by the defendant in this action, although they may be without foundation in fact, were of a very serious character, and, if sustained, would show that the court had been imposed upon; indeed, that the judgment was possibly void for want of jurisdiction. It was not only the court's right but its duty to give an opportunity for the substantiation of these charges, and it is difficult to understand why he did not do so. But this court is powerless. While the appeal is from the order refusing to set aside the judgment and not a direct appeal from the judgment of divorce, a reversal of that order would have the effect of reversing the decree of divorce, and this we are expressly prohibited from doing by section 950-1, Kentucky Statutes, as well as by a continuous line of decisions too well known for repetition.

Although we have power, under the same familiar law, to reverse this class of judgments in so far as they relate to custody of children, there is no bill of evidence before us in this case. The judgment recites that plaintiff's evidence had been heard, which presumably was orally, as permitted by section 552 of the Code as amended by Act of 1926. That was done without a previous order directing that it be so presented, and consequently was without authority. However, the custody of children of divorced parents is a matter never closed, and the court upon petition will reconsider previous orders respecting it. Section 2123, Kentucky Statutes, and notes. The appellant is therefore at liberty to reopen this phase of the case by proper procedure.

Appellant offered to file what purports to be an agreement between the parents relating to the custody of their child, which his counsel contends is a bar to a judgment awarding the mother the entire custody and control. The subject of the custody of children where there is a contract relating thereto is fully considered in Bedford v. Hamilton, 153 Ky. 429, 155 S. W. 1129.

In Workman v. Workman, 191 Ky. 124, 229 S. W. 379 (an appeal also from Pulaski county), where the plaintiff, a citizen of Cincinnati, brought suit for divorce from his wife and for the custody of their child, it was reiterated that the declared policy in this state, both by statutory enactment and judicial decree, is "to regard the welfare and future happiness of the infant as the paramount consideration to which all other considerations must yield." And further: "No consideration short of a statutory inhibition will interfere with the power of a chancellor to adjudge the custody of an infant to whomsoever it might appear the welfare and happiness of the infant demand, whether that person be a resident or nonresident of this state." Where there has been an agreement between parents respecting a division of time to be spent by their child, if consonant with his best interests, it should be given serious consideration, but it is not binding on the chancellor, nor upon this court. Appellant's contention in this regard cannot be sustained.

The question of validity or nullity of the divorce decree is not before us. Allegations of a petition for a divorce are controverted by statute (Civil Code, secs. 422, 423), and presumably the court had sufficient evidence before it respecting jurisdiction to sustain the judgment.

For the reasons stated, the judgment is affirmed.