## Walton v. Walton.

(Decided March 19, 1929.)

S. W. TOLIN for appellant.

D. E. CASTLEMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant, Ida Mae Walton, filed this suit for divorce against the appellee, Charlie B. Walton, on the grounds covered by the following subsection of section 2117, Kentucky Statutes:

"Such cruel beating or injury, or attempt at injury, of the wife by the husband, as indicates an outrageous temper in him, or probable danger to her life, or great bodily injury from her remaining with him."

She asked for the custody of her son by a former marriage and a little girl, born to this marriage, and maintenance for herself and child. The defendant traversed the charges made in the petition, and claimed that the plaintiff had abandoned him. He did not ask for a divorce, or for custody of plaintiff's son, but did ask for the custody of his daughter. The petition was dismissed, and the plaintiff appeals. While this court is without jurisdiction to reverse a judgment granting a divorce, we do have authority to reverse one refusing a divorce. Doolin v. Doolin, 211 Ky. 207, 277 S. W. 243.

It would serve no useful purpose to recite the evidence respecting the cruel treatment inflicted upon the wife by her husband. They had been married seven or eight years, and their first serious trouble seems to have occurred in 1926. Most of the cruelty disclosed in the evidence was suffered in the latter part of 1927, and thereafter the plaintiff left her husband, but upon his

earnest solicitation and promises of doing better she returned to him for a short time. She again left him in February, 1928, as she says, because of renewal of his cruel treatment. The plaintiff testified to several incidents which support her charge of cruelty, and is corroborated as to some of them by the testimony of her eight year old son, who made a very intelligent witness. She is also corroborated in part by the testimony of their landlord and by her mother.

The defendant specifically denied the incidents related by these witnesses, stated he had always treated his wife with kindness, and professed his love for her. Several neighbors testified that they had never seen any trouble between the parties. It seems that the defendant, in the later years of their married life, became somewhat jealous, and there is some evidence from which the conclusion is drawn by the defendant that she was too friendly with another man, but this evidence is very scant in substance. We are of the opinion that the plaintiff was entitled to a decree of divorce, and that the chancellor erred in not granting it.

The defendant is a farm tenant, of limited earning power, but he should be required to maintain his child and contribute something to the support of his wife. The court will enter an order directing the defendant to pay such sums as may be reasonable and proper for the maintenance. To this end, additional evidence may be heard. It appears that the little girl, who is now five years old, is in the custody of the father. It has always seemed well, for the best interest of children of tender years, especially little girls, to have them placed in the custody and control of their mother. There is nothing in this record which indicates that she is not a proper person to have the control of her child, and the court will enter an order giving the mother the custody, with the right of the father to visit her, and to have the child with him at such times as the chancellor may determine. The court may reinstate the case upon the docket at any time for the purpose of making orders respecting the custody and maintenance of this child, according to changing conditions. See Gribben v. Gribben, 227 Ky. 96, 11 S. W. (2d) 998.

The judgment is reversed, for proceedings in accordance with this opinion.