## Cran v. Cran.

(Decided December 2, 1930.)

D. Y. LYTTLE for appellant.

FRANK V. BENTON, Jr., Warning Order Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

James Cran appeals from a judgment denying him a divorce from his wife, Margaret Cran.

Mrs. Cran was proceeded against as a nonresident, appellant was unable to give her present or last known address, and the corresponding attorney, having failed to ascertain her address, was unable to inform her of the nature and pendency of the action.

The grounds on which the divorce was sought were: (1) Living apart without any cohabitation for five consecutive years next before the application; (2) abandonment for one year.

Charles V. Luin, a salesman for the Crucible Steel Company of America, deposed that he met Mrs. Cran in 1918, and had known Mr. Cran for about twelve years. He had been out this way working for about three years. Since that time they had not lived together. Prior to that time he had been down in the

Oklahoma section. They had been separated for at least four years. When he met Cran and his wife, they were living together in New York, and held themselves out as husband and wife. He had no information as to whether or not they were married, but had heard appellant's daughter say that her mother would never come out here to live. He knew nothing of appellant's treatment of his wife except what appellant told him. At present appellant lived with Mrs. Hahn, in Dayton. All he knew about it was what appellant told him.

Forrest E. Williams testified that to his knowledge appellant had been a resident of Kentucky two years or longer. Appellant had a room in Dayton. As far as he understood, appellant lived on Sixth street in Dayton, and had called him up from there the previous Saturday. He had never seen appellant at his residence, and had not called on him in the last ten years.

William E. Klein deposed that during the time he had known appellant he lived in Dayton. Whenever he wanted appellant he would go up to his place or call him from the factory. He had never seen appellant at his residence in Dayton.

David E. Holmes, the mail clerk, testified that appellant retained the mail box in the post office in Dayton, but that his business address was Norwood, and his mail was forwarded there. He knew that appellant lived in Dayton at certain times, for a year or longer, but of his own knowledge he could not swear that appellant slept in Dayton, or that he was an actual resident of Dayton. Mrs. Alice Hahn, who testified on behalf of defendant, deposed that she ran a boarding house in Dayton. Appellant came there on the 30th of March, a year before, rented a room, and moved in. After he lost his position in Cincinnati, he left. At times he still stayed at her place. About two months before she testified appellant paid his room rent and she gave his lawyer a receipt. That was the first time he had paid any rent after he left. He still had some clothes at her house, and claimed his home there when he did not have to work too late.

Even if we concede, without deciding, that appellant had been a resident of this state for one year next before the commencement of the action, we need go no further with respect to the first ground of divorce than to say that the evidence is not sufficient to show that

appellant and his wife lived apart without cohabitation for five consecutive years next before the application.

But the point is made that the facts established bring the case within the rule announced in Morey v. Morey, 218 Ky. 700, 292 S. W. 332. In that case the facts were these: The husband and wife were living together in New York. In order to get employment in his line of work, it was necessary for him to leave New York and go to Paducah, where he accepted a position. When he left New York, his wife refused to accompany him. After establishing his domicile in Paducah, his wife persisted without just cause in her refusal to live with him. It was held that, although it had its beginning in New York, abandonment was a continuous act, that the cause of divorce existed in this state, and that the wife abandoned her husband as effectually as if she had first accompanied him to this state and then left him, and that, the abandonment having existed and continued in this state for more than one year, the husband was entitled to a divorce. Here the circumstances under which the parties separated are not before the court. All that we have is that appellant and his wife are not living together. Whether she refused to accompany him when he left the abode at which they were last living, or whether she ever refused to join him at a domicile which he thereafter provided, does not appear by competent evidence. For aught disclosed by the record appellant may have been wholly at fault in leaving his wife, and may never have sought a reconciliation or have offered her a home at his new domicile. In view of this showing, it cannot be said that a case of abandonment in this state without fault on the part of appellant was made out.

Judgment affirmed.