## Tolliver v. Tolliver.

March 21, 1944.

Ellis E. Blake for appellant.

Lawrence S. Grauman, County Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

This appeal is from a judgment dismissing the petition in an action for divorce filed by the appellant,

Francis Tolliver, on the ground of abandonment. The appellee, a resident of Miami, Florida, was proceeded against by constructive service.

The appellant is a soldier and has been stationed at Fort Knox since his induction into the military service on June 7, 1941. His home was at Miami, Florida, when he was inducted but he testified that shortly after he arrived at Fort Knox he rented a room in Louisville and had continuously spent most of his nights there, that he was a cook and was required to work only about half of the time, and that he intended making Louisville his permanent home when he rented the room.

In his original deposition, taken on interrogatories, the appellant testified that his wife abandoned him on August 5, 1941. He said, ''At that time I established a home here in Louisville and my wife refused to remain here with me but returned to Miami to live.'' A witness introduced by him testified to the same effect.

When the case was submitted to the chancellor he set aside the submission and referred it to the County Attorney for investigation. The County Attorney wrote to the appellee and was advised by her that she had never been in Louisville and that she and the appellant were living together when he was inducted. The County Attorney thereupon retook the deposition of the appellant. In this deposition he admitted that his wife had never been in Louisville but testified that she abandoned him by refusing to come to Louisville to live with him in response to a letter written by him to her in August 1941. She did not answer his letter, he said, but wrote him other letters thereafter requesting him to send money to her. He admitted that he did not send the necessary money for her to come to Louisville but stated that she had been drawing an allotment of $50 per month, which was sufficient to have enabled her to make the trip. He also said that he and his wife had been separated for a year before his induction.

On final submission the chancellor dismissed the petition, reciting in a memorandum opinion that he was convinced that ''(1) plaintiff is not a bona fida resident of Kentucky, (2) plaintiff is trying to trump up a case of desertion when as a matter of fact defendant has never been given a reasonable opportunity to join him subsequent to his induction in the United States army.''

In the briefs the question of jurisdiction is elaborately argued, it being the contention of the appellant that he shows himself to be a resident of Louisville under the principles enunciated in St. John v. St. John, 291 Ky. 363, 163 S. W. (2d) 820. However, we find it unnecessary to decide this question because, even if it be assumed that the appellant was a resident of Louisville so as to give the court jurisdiction, we do not feel justified in disturbing the finding of the chancellor on the merits.

There was unquestionably an attempt on the appellant's part to impose on the court by securing a divorce on false testimony that his wife had abandoned him by refusing to remain in Louisville with him and returning to Miami. When he ascertained that the County Attorney had learned the true facts, he then predicated his wife's abandonment on her refusal to come to Louisville to live in obedience to his letter. It is true that "It is the duty of a wife to live with her husband and to go wherever he provides a home, and her refusal to do so without justification constitutes abandonment." Morey v. Morey, 218 Ky. 700, 292 S. W. 332, 333. But a corollary of this rule is that a reasonable opportunity must have been extended the wife to come and live with her husband, and her refusal to do so should clearly and satisfactorily appear.

In view of the character of the evidence before him, we think the chancellor was amply justified in his finding that the appellant had never given his wife a reasonable opportunity to join him in Louisville.

Affirmed.