## Clark v. Clark.

March 5, 1946.

Harry B. Miller for appellant.

Robert M. Odear for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

This was a divorce action by John T. Clark, the appellant, against Inez Wilson Clark, the appellee, on

the ground of one year's abandonment. The appellee denied the abandonment, opposed any divorce, alleged that appellant was guilty of cruel and inhuman treatment toward her and asked for a lump sum settlement of $5,000, together with alimony and maintenance at the rate of $200 per month.

The Chancellor refused to grant any divorce, gave appellee alimony in the sum of $25 per month and maintenance in the sum of $50 per month for the infant daughter of these parties and sustained appellee's attachment levied upon appellant's real estate. The appellant has now appealed from that judgment, which he contends was erroneous in not granting him a full divorce without any alimony or maintenance payments whatever.

These parties had a married life of twenty-two years and they were blessed with two children, one of whom is now grown and earning his own living. The other child is about twelve years old. This couple started their married life in Jenkins, Kentucky, but appellant decided to go to Florida and he did so in 1925 and established a small home down there, partly out of funds furnished to him by appellee. He also had an undivided interest in farm property in Fayette County, Kentucky, and appellant and appellee spent part of the time in Florida and part of the time in Fayette County, sometimes being together and sometimes being separated, until at length in September of 1941 their temporary separations grew into a permanent condition which lasted for about three years, or until this divorce action was begun in June of 1944. It seems appellee did not wish to live in Fayette County because appellant's brother also lived in the Kentucky home, and appellant was unable to live with appellee in their Florida home because of the duties of his employment in Kentucky. However, as stated before, appellant himself established the Florida home and he never made any real objection to his wife and children living there. While appellee claims that she still loves the appellant, the appellant states that he has ceased to love appellee and he says that their love "just gradually died." The evidence indicates that appellant did not urge appellee to return to their Kentucky home and live with him in the period of their complete and continuous separation between

September 1941 and June 1944. There is some evidence that he became interested in other female companionship during that period of time and was somewhat indifferent towards his own family group. After receiving notice that the divorce action had been filed, appellee and her twelve year old daughter came to appellant's home in Kentucky for what was probably an attempt at reconciliation, but appellant refused to be reconciled and virtually told them they would have to leave his place.

The evidence relating to appellant's financial status indicates that he has a job paying a salary of $2300 per year and that he has real estate and personal property valued at approximately $11,500. Appellee herself owns real estate worth approximately $2000 and she also has some income to the amount of about $15 per week derived from her talents as a musician.

The Chancellor stated in his opinion that this family had found it expedient to live in an abnormal way which tended to create a condition of apathy, gradually growing into an active antagonism between the parties. The Chancellor's opinion also said that he did not consider that a divorce to either party was justified, the evidence merely indicating a gradually developing condition of insidious, marital paralysis, which eventually disrupted the home of these parties.

Under the provisions of KRS 403.020 a divorce to a party not in fault may be granted on the ground of an abandonment that has continued for a period of one year. But this court has held that in order to authorize a divorce upon the statutory ground of twelve months' wrongful abandonment, the party seeking such divorce must both allege and prove that the abandonment as well as its twelve months' continuity were without any fault on his part; for if he consented to the abandonment or contributed to its continuity for the statutory period, without just cause, he will not be granted a divorce upon that ground, since in either case he would be in some degree of fault. Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425.

In this case, the separate abodes of the parties started as a mutual and agreeable arrangement between them. Appellant clearly consented to this arrangement and contributed to its continuity. He consistently sent appellee monthly checks for the support or partial sup-

port of their Florida household. And it seems that appellant never did strongly protest nor object to appellee living in Florida, whither he himself had guided her early in their married life. The most appellant appears to have done from time to time was to make mild requests or suggestions that appellee come to Kentucky, but the urgency, if not the reality of these, was disputed by appellee. Under these circumstances, it cannot be said that this alleged abandonment for one year took place without fault on the part of the appellant. On the contrary, the appellant appears to have been the primary and moving cause for the creation and the continuity of the two separate households of these parties. The entire arrangement was partially at least an idea of his own mind and a result of his individual planning, action and confirmation during the time of this marriage.

Learned counsel for appellant cites the case of Alexander v. Alexander, 226 Ky. 243, 10 S. W. 2d 828, as authority for a reversal in this case. We have read the Alexander case, supra, in which the Chancellor had refused the husband a divorce and in which this court reversed the Chancellor because an abandonment was established by evidence which showed the husband made various efforts to get his wife to return to him and pledged her his affection without avail. Such a state of facts has not been proven in this case, wherein no strong effort was made to get appellee to return to appellant, no pledge of affection was forthcoming from appellant to appellee in the event of their reunion in a normal cohabitation.

Appellant also cites the case of Morey v. Morey, 218 Ky. 700, 292 S. W. 332, in which this court decided the husband had been abandoned by his wife. But in that case the parties first lived in New York, and then the husband was compelled to go to Paducah, Kentucky, to obtain employment in his line of work, following which the wife refused to accompany him. That was clearly an abandonment to which there was no consent on the part of the husband nor any collaboration by him contributing thereto. This Morey case, supra, is clearly distinguishable from the present case in which the parties had an original mutual arrangement by which they began and continued their partially separate existences for the convenience of both appellant and appellee.

The Chancellor adjudged both parties to be in some fault in this case and having done so, he then denied any divorce. A review of this record indicates the Chancellor had sufficient evidence for his findings. The alimony and maintenance award of $75 per month for appellee and the child of the parties does not appear to be unjust in view of appellant's income and his property holdings as shown by the evidence.

Wherefore, finding no error in the judgment, the same is now affirmed.