### Boyles v. Walker.

November 21, 1950.

H. F. S. Bailey, Judge.

Carroll W. Morrow for appellant.

L. B. Weir for appellee.

JUDGE HELM—Reversing.

On or about January 7, 1948, appellant, Tex Boyles, and appellee, Ray Walker, entered into an oral contract by which appellant agreed to strip mine the coal from a small boundary leased to appellee in Hopkins County. Appellee agreed to pay appellant for the work done. The rate of payment and the amount of work done by appellant is in dispute. Appellant moved his equipment on appellee's lease and performed the greater part of the work. He then removed his equipment to another location and filed this action in equity, asserting a mechanics' and materialmen's lien, and seeking to recover a balance alleged to be $5,593.02, setting out in his petition that he stripped the over-burden from some 4,000 tons of coal and loaded some 400 tons of coal for removal but found that the only available road from the premises was impassable by reason of weather conditions, and that appellee was unable to furnish a right-of-way or road out, because when appellant began building a road at a place indicated by appellee, it was found that it belonged to another person who stopped appellant from constructing the road.

Later, appellee filed an answer and counterclaim alleging that the balance owing by him to appellant for the work was only $1,939.30, and seeking to recover on his counterclaim damages in the sum of $6,927.50, less $1,939.30, because of alleged breach of contract resulting in deterioration by exposure of coal to the elements. A reply, filed on October 15, 1948, completed the pleadings.

Appellant's pleadings were filed by his attorneys, Gordon, Gordon and Moore. A judgment of May 16, 1949, recites that these attorneys withdrew from the case prior to the February term, 1949, of the Hopkins Circuit Court.

At the February term, on February 25, 1949, upon motion of appellee, it was "ordered that this action be set for trial on the 6th day of the next regular term of this Court, which will be May 7, 1949." On May 7, 1949, the case was heard upon oral testimony before the Judge of the Hopkins Circuit Court. Appellant was not present and was not represented. No order had been entered transferring the case to the common law docket, and no order had been entered directing that proof be heard orally, or taken as in ordinary actions. The above quoted order is the only one entered from the time the reply was filed until the trial was had and judgment entered.

From a judgment awarding appellee $4,802.70 appellant appeals, requesting that it be set aside, and urging that: (1) Oral proof introduced in an equitable action without a previous order directing that the testimony be so taken is unauthorized and amounts to no proof; and (2) a claim for damages cannot be taken as confessed but must be proved.

This action was properly brought in equity to enforce a lien. KRS 376.110. Issues were made by the pleadings so that proof was necessary. Civil Code of Practice, section 552 (2), provides: "Subject to the provisions of section 708, upon any issue of fact which arises upon the pleadings in an equitable action, unless such issue be transferred pursuant to Title II., or upon the pleadings in an ordinary action, if such issue be transferred pursuant to said title, proof shall be taken by depositions * * * provided, further, that the court may in any equitable action before the proof has (been) taken order that the evidence be heard by the judge in the same manner as testimony is introduced in ordinary actions, in which event the parties may have the evidence taken and transcribed as in ordinary actions."

This action was not transferred to the common law docket as provided by Title II of the Code, and no order was entered providing that the evidence be heard by

the judge in the same manner as testimony is introduced in ordinary actions.

In Gribben v. Gribben, 227 Ky. 96, 11 S. W. 2d 998, we held that the hearing of evidence in an equity case orally, as permitted by Civil Code of Practice, section 552 (2), without a previous order directing that it be so presented, was unauthorized.

Proceedings should have been had in accordance with section 552 (2) of the Civil Code of Practice.

The judgment is reversed.