Clarence B. WELLS, Appellant,

v.

Opal Lyon WELLS, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1956.

M. J. See, Edwin D. Rice, Louisa, for appellant.

K. C. Elswick, Louisa, for appellee.

CLAY, Commissioner.

In this action appellee, Opal Wells, was granted a divorce from appellant, C. B. Wells. She was awarded $2,700 lump sum alimony and allowed the sum of $16,000 as restoration of her property.

■ Appellant first contends that his wife failed to sustain the burden of proving grounds for divorce, and therefore should not have been awarded alimony. The grounds alleged were cruel and inhuman treatment, habitual drunkenness and actions which indicated an outrageous temper. Appellee testified to substantial reprehensible conduct on the part of appellnat. Though there was little corroboration and appellant denied the acts complained of, both the commissioner who heard the case and the Chancellor believed appellee's story. The findings of fact by the Chancellor, which are implicit in the judgment, are not clearly erroneous under CR 52.01, and we would therefore not be justified in making different findings for the purpose of reversing the alimony award.

■ Appellant next complains of the attachment which appellee secured against appellant's property, and particularly his business property. This phase of the proceeding is not properly in issue on this appeal, since the property attached has been sold and appellant's remedy, if any, is upon the bond executed by appellee.

■ Finally appellant contends the amount allowed appellee as restoration of property was excessive and contrary to the law and evidence. It appears that appellee taught school and that she had an estate of her own. During the course of the marriage from time to time she would furnish funds to be used in the business conducted by appellant. According to her testimony, she contributed something over $30,000 of her own to appellant's business and to the living expenses of the couple.

The trial commissioner found that her specifically proved contributions amounted to something over $18,000. The Chancellor gave judgment for $16,000. There was ample evidence to support this allowance,

and no sound reasons are shown why it should be disturbed. Appellant contends that the parties were partners in the business, which might affect the amount to be restored, but there was substantial evidence to justify the Chancellor's finding that no partnership existed.

We find no error which would require reversal of this judgment.

The judgment is affirmed.