Noel Taylor DIXON, Appellant,

v.

Irene DIXON, Appellee.

Court of Appeals of Kentucky.

May 10, 1957.

Rehearing Denied Dec. 5, 1957.

John S. Palmore, Henderson, for appellant.

L. G. Kirtley, Claude E. Smith, Owensboro, for appellee.

MONTGOMERY, Judge.

This divorce action resulted in a dog-fall, to use a wrestling term. The Chancellor refused to grant a divorce to either party, Noel Taylor Dixon or Irene Dixon. Noel has appealed and Irene, appellee, has cross-appealed.

The parties were married in 1944. It was the second marriage for each. They lived together until June 1954, when appellee left appellant's home in Henderson County and went to live in Owensboro. Appellee filed this action on April 11, 1955, wherein she sought a divorce from bed and board and alimony. She alleged cruel and inhuman treatment. Appellant, by counterclaim, sought an absolute divorce on the same ground, and after the separation had extended beyond a year, amended his pleading to include the ground of one year's abandonment.

■ A judgment refusing to grant a divorce may be reversed by this Court. Doolin v. Doolin, 211 Ky. 207, 277 S.W. 243; Walton v. Walton, 228 Ky. 580, 15 S.W.2d 415; Moore v. Moore, Ky., 238 S.W.2d 999.

Appellant and appellee are 78 and 54 years of age, respectively. He is a native of Henderson County, but the parties resided in Daviess County during the first five years of the marriage. During that period of time, they seemed to have been reasonably

happy, although appellant testified that they sold out and moved twice in order to be near appellee's parents. In 1949, appellant inherited a farm in Henderson County to which he desired to move in order that he might take care of it. Appellee did not like to live in the low river bottom land, so appellant purchased a two and one-half acre lot and built a house on it in which to live. Appellee lived with her mother in Owensboro until the house was completed. They then moved into the new house with appellant. Her mother died three or four months later, at which time appellee became entitled to a life estate in a home in Owensboro.

■ The parties "got along fine" until they moved to Henderson County. Appellee became unhappy by reason of her neighbors' attitude toward her and of her feeling that appellant preferred the neighbors to her. She complained that his attitude toward her changed unfavorably. There is no need to recount the details of the bickering between the parties, which, unfortunately, seems to take the place of romance too frequently in second marriages between older persons. The judgment is not clearly erroneous in denying relief to either of the parties on the ground of cruel and inhuman treatment. CR 52.01; Wells v. Wells, Ky., 293 S.W.2d 718.

Appellant contends that the Chancellor should have granted him an absolute divorce on the ground of abandonment. Appellee testified that she would live with appellant if he would come to Owensboro but that she could not live at his place in Henderson County because the neighbors "would aggravate me". Dixon said that he would take her back but that he didn't think she would ever be satisfied in Henderson County and for that reason he would not be willing for her to return.

Appellee contends that appellant denied her a reasonable opportunity to return to Henderson County to live. In Morey v. Morey, 218 Ky. 700, 292 S.W. 332, 333, it was held that:

"It is the duty of the wife to live with her husband and to go wherever he provides a home, and her refusal to do so without justification constitutes abandonment."

In approving this rule in Tolliver v. Tolliver, 297 Ky. 93, 179 S.W.2d 235, 236, the corollary of the rule is stated to be:

" * * * that a reasonable opportunity must have been extended the wife to come and live with her husband, and her refusal to do so should clearly and satisfactorily appear."

■ Appellee relies on the Tolliver case, but the facts of that case are different from the facts in this case. In the Tolliver case, the party charged with abandonment had not been permitted an opportunity to live with her husband. Here, appellant moved more than once to suit the convenience of appellee and built a new house to please her. It was from this house that appellee left to go to Owensboro to live when the opportunity presented itself. We feel that appellant had sufficiently provided her with a home and that her leaving constituted an abandonment under the Morey and Tolliver cases, which are more favorable to appellant than to appellee. He should have been granted an absolute divorce on the ground of abandonment.

■ Complaint is made by the attorneys for the appellee of the fee allowed to them. Inasmuch as these attorneys are not parties to this appeal, this question cannot be considered now. Best v. Best, Ky., 264 S.W.2d 281; Conlan v. Conlan, Ky., 293 S.W.2d 710.

The judgment is reversed on the appeal, with directions to enter a judgment of divorce in favor of the appellant on the ground of abandonment and for the further determination of the rights of the parties, and is affirmed on the cross-appeal.