**E. D. WEST, Appellant,**

v.

**Maude WEST, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1958.

Edward H. Johnstone, Princeton, for appellant.

C. R. Baker, Princeton, for appellee.

CAMMACK, Judge.

In August, 1956, the appellee, Maude West, instituted this action against the appellant, E. D. West, seeking a divorce from bed and board on the ground of cruelty. The appellant filed a counterclaim asking an absolute divorce on the same ground. This appeal is from a judgment dismissing both the complaint and counterclaim. We think the judgment should be reversed because the appellant proved cruelty on the part of the appellee of a degree sufficient to destroy permanently his peace and happiness. Coleman v. Coleman, Ky., 269 S.W.

2d 730. KRS 403.020(4) (d). While we may not reverse a judgment granting a divorce (KRS 21.060), we may reverse a judgment refusing to grant a divorce. Dixon v. Dixon, Ky., 306 S.W.2d 879.

The questions presented to us for determination are: (1) Does abuse of one spouse by relatives of the other spouse, countenanced by such other spouse, constitute cruel and inhuman treatment upon which a divorce may be granted in Kentucky? and (2), If the answer to (1) is affirmative, Did the lower court err, in the light of the evidence, by refusing to grant a divorce to the appellant?

Maude and E. D. West were married in August, 1945, in West Virginia, and lived together as husband and wife until August, 1956, when they separated. They had been living in Caldwell County for approximately four years at that time. Maude's six children by a former marriage lived with the couple throughout their period of cohabitation. Four of these children are grown men, the youngest of whom was 19 and the eldest 28 in 1956. This group was the source of the marital difficulties of the Wests.

E. D. West is a retired miner, 72 years of age, and in poor health. His only income is $153 per month—$100 from Miners' Retirement and $53.10 from Social Security. Each month he took both checks to the grocery store to pay for the previous month's purchases and usually there was little if anything left over for his personal needs. Realizing that he could not continue in this manner Mr. West told his wife around 1952 that she would have to ask her sons to leave, saying they were old enough to be making homes for themselves. This Mrs. West would not do. She said, "Blood is thicker than water," and indicated that she preferred her children to any man. She said also her sons needed her care since they are uneducated. (They are in fact illiterate).

Mrs. West's sons, with the exception of Corbet, the youngest, treated Mr. West with disrespect. When they were working, Mr. West said, they spent their money for liquor and refused to help with the family expenses. Mrs. West said the older boys gave Mr. West as much as $10 per week, but he denied this. The boys did not testify in their mother's behalf. Mr. West said the oldest son hit him on occasions, and at one time threatened to kill him. Mrs. West said if her son hit Mr. West she did not see it, and if he threatened his life she did not hear it. The evidence shows that the moral reputation of Mrs. West's sons is bad, while that of Mr. West is good.

Mr. West left the family on several occasions during the past four years, sometimes returning to West Virginia. Upon his wife's promises to relieve him of the burden of keeping her sons he would return. The troublemakers would be gone upon his return, but soon they would drift back for free meals and lodging. At the time of the August 1956 separation, Mr. and Mrs. West and her four sons and the younger daughter were living together in a four room apartment. The other daughter, 17 years of age, was not then present, but it was indicated that she might be returning soon.

The appellant argues that by condoning and encouraging her sons in their actions and treatment of him, Mrs. West subjected him to cruel and inhuman treatment which has permanently destroyed his peace and happiness. Mrs. West insists she has not been cruel toward her husband in any way. She states that the trouble arose between the appellant and her sons.

We have said that any conduct on the part of the husband or wife which is calculated seriously to impair the health or permanently destroy the happiness of the other is ground sufficient to grant an absolute divorce. McClintock v. McClintock, 147 Ky. 409, 144 S.W. 68, 73, 39 L.R.A.,N.S., 1127. We have never ruled on the specific acts of cruelty here charged, insofar as we are now able to ascertain, but there is authority from other jurisdictions holding

that such acts constitute grounds for divorce. Day v. Day, 84 Iowa 221, 50 N.W. 979. See also Annotation 3 A.L.R. 993, 17 Am.Jur., Divorce and Separation, section 77.

We believe the appellant was entitled to a divorce under the evidence heretofore discussed. Not only did Mrs. West condone the wrongful acts of her sons toward Mr. West, but in some respects and instances she encouraged them. The trial court took cognizance of the wrongful acts of Mrs. West's sons, but erred in failing to impute them to her. Her conduct constituted mental cruelty and was sufficient to entitle Mr. West to a divorce under KRS 403.020(4) (d).

The judgment is reversed and the case is remanded with directions for the entry of a judgment consistent with this opinion.